NO. 07-06-0352-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 31, 2007
_____

ROBERTO RODRIQUEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 15,828-C; HON. RICHARD DAMBOLD, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Roberto Rodriquez was convicted of the aggravated sexual assault of a child and sentenced to life in prison. In contending that the conviction should be reversed, he argues that 1) he was denied his right to a speedy trial, 2) he was subjected to *ex post facto* legislation by the use of a prior suspended sentence in New Mexico to enhance his punishment, and 3) the jury should have determined whether his prior New Mexico

conviction was substantially similar to one of the offenses enumerated in §12.42(c)(2)(B) of the Penal Code.  We affirm.

*Issue 1 - Speedy Trial*

Regarding the matter of a speedy trial, appellant claims he was denied this right. Such a right is guaranteed by both the federal and state constitutions.  Furthermore, when it is abridged, the prosecution must be dismissed with prejudice.  *Shaw v. State,* 117 S.W.3d 883, 888 (Tex. Crim. App. 2003); *see also Hull v. State,* 699 S.W.2d 220, 224 (Tex. Crim. App. 1985).

Next, in determining whether a constitutional violation has occurred, the trial court balances factors such as 1) the length of the delay, 2) the reason for delay, 3) the defendant's assertion of his speedy trial right, and 4) any prejudice resulting to him from the delay.  *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101, 116 (1972).  No single factor is necessary or sufficient, however.  *Dragoo v. State*, 96 S.W.3d 308, 313 (Tex. Crim. App. 2003).  And, as long as the ruling is supported by the record and law, we cannot change it.  *Shaw v. State*, 117 S.W.3d at 889.

As for the length of delay, we note authority holding that one spanning a year is sufficient to trigger a speedy trial inquiry.  *Id*.  Here, appellant was arrested in January 2004 and not tried until August 2006.  Thus, an interval of approximately 32 months lapsed between the two dates.  Because the period "stretched far beyond the minimum needed to trigger the inquiry . . . this factor weighs heavily in favor of finding a violation of appellant's right to speedy trial."  *Id.* (involving a 38-month period).

With respect to the reason for the delay, neither party could provide an explanation for it. And, while the record shows that the original trial date of April 5, 2005, was passed due to appellant requesting a continuance, little was proffered to show why the matter was not set again until August 22, 2006. Given the lack of an explanation, a "court may presume neither a deliberate attempt on the part of the State to prejudice the defense nor a valid reason for the delay." *Dragoo v. State,* 96 S.W.3d at 314. Nonetheless, in such situations, the factor weighs against the State but not heavily. *Id.*

Next, the record discloses that appellant formally said nothing about his right to a speedy trial until a month before his trial convened. And, when he broached it, he did so by asking for a dismissal. Such delay in asserting the right makes it difficult for him to prevail. *Shaw v. State*, 117 S.W.3d at 890. This is so because it "indicates strongly that he did not really want one [a speedy trial] and that he was not prejudiced by not having one." *Id.* Indeed, the longer the silence, the more likely it is that a defendant who wanted a speedy trial would have acted to obtain one. *Id.* So, appellant's 32-month silence not only strikes heavily against him, it also extenuates any presumption of prejudice to which he may have been entitled. *See id.* (stating that a defendant's inaction extenuates a presumption of prejudice).

The chance of prejudice further diminishes since we are cited to no evidence suggesting that the delay somehow denied appellant of evidence or witnesses to use in his defense. Nor can it be said that appellant fell victim to oppressive pretrial incarceration due to any delay since he was released from jail on bond shortly after his arrest. And while he did testify that he had felt stressed while awaiting trial, he did not provide any specific

information depicting any unusual anxiety or concern, *i.e.* "any anxiety or concern beyond the level normally associated with being charged with a felony sexual crime." *Shaw v. State*, 117 S.W.3d at 890; *compare Zamorano v. State,* 84 S.W.3d 643, 654 (Tex. Crim. App. 2002) (in which the defendant day laborer testified he had lost money and suffered as a result of the requirement to report weekly to the bonding company)*.* So, on the record before it, the trial court could have reasonably concluded that appellant failed to demonstrate actual prejudice.

As can be seen, only the first two factors appear to weigh against the State, and one of the two is not that weighty. On the other hand, the trial court had basis to conclude that the keys to his speedy trial lay in the hands of appellant in large part, and, by withholding complaint until the eve of trial, the balance of the factors strikes against him. Thus, we overrule the issue since we cannot say that the decision rendered on the matter lacked evidentiary support or failed to comport with the law. *See Shaw v. State*, *supra* (unjustified 38-month delay without objection by defendant until the eve of trial held not to have denied him a speedy trial); *Dragoo v. State*, *supra* (a 3 ½-year unjustified delay without objection until the eve of trial held not to have violated defendant's right to a speedy trial).

*Issues 2 and 3 - New Mexico Conviction*

Appellant's other two issues concern a previous New Mexico conviction used to enhance his punishment. The conviction arose in 1980 and involved criminal sexual penetration. The State's use of it to enhance the punishment accompanying his current conviction allegedly violated constitutional *ex post facto* prohibitions. Moreover, in denying the jury opportunity to decide whether the New Mexico offense was substantially similar to

4

various statutory crimes mandating a life sentence, the trial purportedly erred. We overrule each issue.

One convicted of aggravated sexual assault must be imprisoned for life if he was previously convicted of the same crime or others listed in §12.42(c)(2)(B) of the Texas Penal Code. TEX. PEN. CODE ANN. §12.42(c)(2) (Vernon Supp. 2006). Furthermore, the prior conviction may be that issuing from another state so long as the elements of the crime underlying that conviction are substantially similar to aggravated sexual assault or the other various crimes itemized under §12.42(c)(2)(B). *Id.* §12.42(c)(2)(B)(v). Whether they are substantially similar is a question of law involving the interpretation of the respective statutes. *See Hardy v. State,* 187 S.W.3d 232, 236 (Tex. App.–Texarkana 2006, pet. ref'd) (wherein the court compared the two statutes to determine their similarity after noting that the interpretation of a statute was a question of law); *accord*, *Ex parte White*, 211 S.W.3d 316, 318 (Tex. Crim. App. 2007) (wherein the Court of Criminal Appeals determined whether the two statutes were substantially similar). And, being a question of law, the matter need not be submitted to a jury for resolution. *Id.* Thus, the trial court at bar did not err in deciding the matter itself as opposed to allowing the jury to do it.[1]

As for the dispute about whether use of the New Mexico conviction transgressed *ex post facto* prohibitions, we conclude that it did not and does not. This is so due to the wording of the New Mexico statute upon which appellant relies. According to the proviso,

---

[1]Appellant does not suggest that the New Mexico statute underlying his prior conviction was dissimilar to the crimes itemized in §12.42(c)(2)(B). So we do not address the similarity between the elements of the various crimes.

completing probation means that the accused satisfied his criminal liability and authorizes him to apply for a pardon from the governor to regain his full rights of citizenship. N.M. STAT. ANN. §31-20-8 (1978). Yet, nowhere does it state that the conviction cannot be later used for enhancement purposes. And, that fact distinguishes the circumstances before us from those in *Scott v. State*, 55 S.W.3d 593 (Tex. Crim. App. 2001). The latter dealt with the extent one's deferred adjudication could be used to enhance the punishment applicable to a crime he later committed. When Scott was placed on deferred adjudication, statute dictated that the completion of his probation did not result in a conviction susceptible to use for enhancement purposes; so, a change in the law that later allowed its use implicated *ex post facto* considerations according to the Court of Criminal Appeals. *Id.* at 597-98. But, when no such express limitation appears in the statute, *ex post facto* considerations are not implicated. *Ex parte White*, 211 S.W.3d at 320. There being no such limitations in the New Mexico statute cited by appellant, *ex post facto* restrictions were not violated when appellant's New Mexico conviction was used for enhancement purposes here.

Having overruled each issue, we affirm the trial court's judgment

Brian Quinn
Chief Justice

Publish.

6