NO. 07-07-0159-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 16, 2008
_____

BALDOMERO G. ORTEGON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-410044; HONORABLE CECIL G. PURYEAR, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant, Baldomero G. Ortegon, was convicted of felony driving while intoxicated and sentenced to 25 years confinement in the Institutional Division of the Texas Department of Criminal Justice. Through five issues he challenges the legality of his conviction. We affirm.

Factual and Procedural Background

Appellant was arrested for the offense of driving while intoxicated on March 2, 2003. Appellant was subsequently indicted for felony driving while intoxicated in March 2003, with two prior driving while intoxicated offenses alleged for felony jurisdictional purposes. There were no other felony convictions alleged for purposes of enhancement of punishment. Thereafter, appellant was re-indicted in August 2005. However, the State again failed to allege any other felony convictions for purposes of enhancement. Trial was scheduled August 17, 2005.

On the date trial was scheduled to begin, the State filed notice of intent to offer prior convictions for purposes of enhancement of sentence. Appellant's trial counsel had previously filed a request for notice of intent to offer extraneous conduct. At the pre-trial hearing before voir dire, appellant's trial counsel objected that the notice of intent to offer prior convictions filed by the State had not been timely filed. The trial court sustained the objection and ruled that the State could not offer the prior convictions, with the exception of those alleged for felony jurisdiction purposes in the indictment. Thereafter, the State conducted voir dire examination of the jury panel. At the conclusion of the State's voir dire, the trial court took its noon recess. Shortly before the conclusion of the noon recess, the State's attorney approached appellant's counsel and advised that the appellant had a choice to either waive the notice requirement for the use of the prior convictions or the State would seek a dismissal without prejudice and re-indict the case alleging other felony convictions for purpose of enhancement of the sentence. Appellant refused to waive his objection and, when the court reconvened, the State moved to dismiss the indictment

2

without prejudice. Appellant objected to the State being allowed to dismiss without prejudice in order to seek re-indictment. The trial court overruled the objection and the dismissal without prejudice was granted.

Subsequently, the State re-indicted the case alleging three prior felony convictions for purposes of enhancement. Appellant filed a motion to quash the subsequent indictment alleging prosecutorial misconduct or prosecutorial vindictiveness. Prior to a pre-trial hearing on the motion to quash the indictment, appellant caused to be issued two subpoenas for the attorneys who represented the State in the previous trial setting. The State filed a motion to quash the subpoenas and requested the issuance of a protective order. The trial court granted the motion to quash the subpoenas and denied the motion to quash the indictment.

Trial was scheduled for February 26, 2007. During another pre-trial hearing, appellant again urged his motion to quash the indictment and a motion to dismiss alleging that he had been denied a speedy trial. The trial court heard both motions and denied each. The case proceeded to trial. The jury subsequently found appellant guilty of felony driving while intoxicated. Appellant elected to go to the judge for punishment. At the punishment hearing, appellant pleaded "Not True" to the punishment enhancement paragraphs that were read. At the conclusion of the punishment hearing, the trial court found that the first and third enhancement allegation were true and assessed appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of 25 years. It is from this judgment that appellant appeals.

Appellant contends, through four issues, that the trial court committed reversible error in:  1) failing to quash the indictment for prosecutorial vindictiveness or prosecutorial misconduct; 2) granting the State's motion to quash the subpoena of the original two State's attorneys; 3) denying appellant's motion to dismiss for want of a speedy trial; and 4) excluding appellant's affidavit of indigency from one of appellant's prior driving while intoxicated convictions.  By a fifth issue, appellant complains of the legal and factual sufficiency of the evidence to support the jury finding of guilt to the offense of felony driving while intoxicated.  We will address the issues as they appeared in the record.

## Prosecutorial Vindictiveness

Appellant contends that the actions of the State in dismissing the indictment and seeking re-indictment alleging prior felony convictions for enhancement purposes, after the trial court had sustained appellant's motion to disallow use of any prior convictions, based on the State not providing prior notice of intent to use those convictions, amounted to prosecutorial vindictiveness.  Appellant posits that trial court's ruling on the motion to exclude the prior convictions is the exercise of a statutory or constitutional right that shields appellant from trial on an indictment that would subject him to enhanced punishment.  With that understanding, appellant contends that the trial court's overruling the pre-trial motion to dismiss for prosecutorial vindictiveness was reversible error.

In order to sustain his issue, appellant asserts that we must presume prosecutorial misconduct under the fact situation presented.  To this end, appellant cites the Court to Neal v. State, 150 S.W.3d 169, 173 (Tex.Crim.App. 2004).  In Neal, the court essentially

4

held that the presumption that prosecution has been brought in good faith gives way to either a rebuttable presumption of prosecutorial vindictiveness or proof of actual vindictiveness when a decision to prosecute has been brought after a defendant exercises his legal rights. Id. It is of note, however, that in the final analysis the Neal court did not decide the case on the issue prosecutorial vindictiveness, rather, the ultimate issue determined was that appellant had not properly preserved the issue for appeal under the Texas Rule of Appellate Procedure 33.1(a). Id. at 179.

A review of the cases that have found judicial or prosecutorial vindictiveness reveals that nearly all are dealing with fact patterns where the defendant has successfully appealed a final conviction or otherwise lawfully requested a higher tribunal to provide a second trial. See North Carolina v. Pearce, 395 U.S. 711, 723-24, 89 S.Ct. 2072, 23 L.Ed. 656 (1969) (holding that an announced practice of giving a harsher sentence when a defendant had previously successfully appealed was a violation of due process), See also Blackledge v. Perry, 417 U.S. 21, 27, 94 S.Ct. 2098, 40 L.Ed 2d 628 (1974) (finding that a prosecutor's attempt to discourage trial *de novo* by a higher court by threatening to re-indict a misdemeanor as felony was a denial of due process). As a result of the development of the law in this area, the United States Supreme Court handed down the seminal opinion of United States v. Goodwin, 457 U.S. 368, 102 S.Ct. 2458, 73 L.Ed 2d 74 (1982). As Justice Stevens wrote, the case was about presumptions. Id. at 369. The question the Supreme Court was trying to answer was: do we apply these presumptions of vindictiveness in situations other than post-trial proceedings? Id. The court proceeded to cover the historical development of the theory of judicial and prosecutorial vindictiveness.

After discussing the many different scenarios regarding prosecutorial discretion in the charging of felonious conduct and pretrial negotiations, the court stated, "Thus, a change in the charging decision made after an initial trial is completed is much more likely to be improperly motivated than is a pretrial decision." Id. at 381. Eventually the court came down with the decision that the prosecutor's conduct was not such that a presumption of vindictiveness should apply. Id. From this analysis, we are left with the question of whether a presumption of vindictiveness should apply in the case before the Court. Based on the Court of Criminal Appeals decision in Neal, it is difficult to ascertain whether or not we are to automatically apply a rebuttable presumption of vindictiveness. For purposes of this opinion we will assume, *arguendo,* that we are required, at the minimum, to apply a presumption of vindictiveness.[1]

In the case of Hood v. State, the court was faced with a situation where Hood had appealed his conviction and obtained a new trial, only to be faced with a re-indictment that for the first time alleged two enhancement paragraphs. Hood v. State, 185 S.W.3d 445, 446 (Tex.Crim.App. 2006). The appellant in Hood filed a motion to quash the new indictment claiming prosecutorial vindictiveness. Id. The trial court denied the motion based upon the prosecutor's explanation that enhancements were "an omission from the very first indictment and should have been charged from the beginning." Id. 447. After setting forth the standard enunciated in Neal, the court further stated that the trial court decides the issue based upon all the evidence, including the credibility of the prosecutor's

---

[1] There are no facts in the record that would suggest that this is a case of actual vindictiveness or malice on behalf of the prosecutors representing the State.

explanation.  Id. at 448.  In the final analysis, the court in Hood determined that the "mistake or oversight" explanation is an "objective explanation" that is sufficient to rebut the presumption of prosecutorial vindictiveness.  Id. at 450.

As in the Hood case, we are faced with a situation where the prosecutor, when facing a motion to dismiss alleging prosecutorial vindictiveness, came forth with the explanation that the failure to place the enhancements in the original indictments was due to oversight and mistake.  The trial court, as the fact finder, accepted that explanation and denied the motion.  We cannot say that the trial court committed error in so finding.  Accordingly, appellant's first issue is overruled.

## Subpoena of Prosecutors

Next, appellant contends that the trial court committed reversible error in quashing the subpoenas issued for the appearance of the two prosecutors who dismissed the indictment of appellant in order to seek a new indictment alleging the prior felony convictions.  While the Texas Constitution provides that criminal defendants have a right to compulsory process for obtaining witnesses, that right is not absolute, rather it is addressed to the trial court's discretion.  See TEX. CONST. art. I, § 10, see Drew v. State, 743 S.W.2d 207, 225 n.11 (Tex.Crim.App. 1987), see also Emenhiser v.State, 196 S.W.3d 915, 921 (Tex.App.–Fort Worth 2006, pet. ref'd).  We review the quashing of the subpoenas in question under an abuse of discretion standard.  Emenhiser, 196 S.W.3d at 921.  A trial court abuses its discretion only if the reviewing appellate court can say with confidence that no reasonable perception of the matter under consideration could have

7

yielded the decision made by the trial court. <u>See</u> <u>Montgomery v. State</u>, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990) (op. on reh'g).

In the case at bar, the trial court had previously granted the State's motion to dismiss the indictment in order to re-indict appellant with the allegations of prior felony convictions. At the time of the dismissal, the trial court heard the explanation of the prosecutors regarding the failure to include the prior felony enhancements. Subsequently, the trial court heard the motion to quash the subpoenas and appellant's motion to quash the new indictment on the same day. At that pre-trial hearing, the trial court again heard that the failure to originally indict appellant with the enhancement paragraphs was due to oversight or mistake. In as much as the Texas Court of Criminal Appeals has held that such an explanation is an objective explanation and is, therefore, sufficient to rebut any presumption of prosecutorial vindictiveness, we cannot say that the trial court's decision to quash appellant's subpoenas was an abuse of discretion. <u>See</u> <u>Hood</u>, 185 S.W.3d at 446. <u>See also</u> <u>Montgomery</u>, 810 S.W.2d at 391. Accordingly, appellant's second issue is overruled.

Speedy Trial

Appellant next contends that the trial court erred in overruling his motion for speedy trial. The right to a speedy trial is guaranteed by both the federal and state constitutions. <u>See</u> U.S. CONST. amend. VI, TEX. CONST. art. I § 10. If it is shown that appellant's right to a speedy trial has been violated the prosecution must be dismissed. <u>Shaw v. State</u>, 117 S.W.3d 883, 888 (Tex.Crim.App. 2003). In addressing the issue of appellant's right to a

speedy trial, the trial court balances factors such as 1) the length of the delay, 2) the reason for delay, 3) the appellant's assertion of his speedy trial right, and 4) any prejudice resulting from the delay. Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), see also Zamorano v. State, 84 S.W.3d 643, 648 (Tex.Crim.App. 2002) (holding that "this Court has traditionally analyzed claims of denial of the state speedy trial right under the factors established in Barker v. Wingo"). No single factor is necessary or sufficient to establish a violation of appellant's right to a speedy trial. Barker, 407 U.S. at 531, Shaw, 117 S.W.3d at 889. The correct approach is a balancing test in which the conduct of the prosecution and the defendant are weighed. Barker, 407 U.S. at 530, Shaw, 117 S.W.3d at 888. When reviewing the action of the trial court in denying appellant's motion to dismiss for failure to grant a speedy trial, we give deference to the trial court's resolution of factual matters. Kelly v. State, 163 S.W.3d 722, 726 (Tex.Crim.App. 2005). Under this deference standard, we not only give deference to the trial court's resolution of disputed facts, but also to the drawing of reasonable inferences from the facts. Id. That deference extends to the trial court's findings, even if the findings do not turn on an assessment of the credibility and demeanor. Id. If, after giving the deference required to the trial court, there is support in the record and law for the ruling, we cannot change it. See Shaw, 117 S.W.3d at 889.

In the case before us, appellant was re-indicted on the charges that resulted in the trial we now consider on August 31, 2005. Trial was conducted beginning February 26, 2007. During pre-trial hearings on February 26, 2007, appellant presented his motion to dismiss for failure to grant a speedy trial to the trial court. No evidence was presented at

9

the hearing. The trial court initially carried the motion in order to read authority submitted by appellant. At the conclusion of the State's case in chief, the trial court denied the motion without further comment.

Both appellant and State argue that the period of time to consider for purposes of appellant's right to a speedy trial is the intervening 18 month period between the dismissal after the State's voir dire and the beginning of the trial in question.[2] This delay in trial is sufficient to trigger a speedy trial inquiry. Id., see also Rodriquez v. State, 227 S.W.3d 842, 844 (Tex.App.–Amarillo 2007, no pet.). Because the length of delay triggers the inquiry, this factor weighs in favor of finding a violation of appellant's speedy trial right. Id.

As to the second element of the Barker v. Wingo analysis, the reason for delay, the record before us contains no explanation for the delay from the date of re-indictment until the date of trial.[3] There was no evidence offered to explain the delay. We are allowed to consider the argument of counsel in considering the reason for delay, however, the State offered no explanation for the delay. Without an explanation for the delay, the Court may presume neither a deliberate attempt on the part of the State to prejudice the

---

[2] We express no opinion as to whether this is the correct time period to consider.

[3] Appellant's brief states that appellant filed a motion for a short continuance after the case was re-indicted, however, that motion is not contained in the record. Appellant's brief further recites that the State filed a motion for continuance to secure the attendance of an absent expert. However, that motion was filed before the re-indictment and is not within the 18 month period both parties assert as the applicable period of time to consider.

defense nor a valid reason for the delay, <u>Rodriquez</u>, 227 S.W.3d at 844. Therefore, this factor weighs against the State. <u>Id</u>.

In considering the third element of the <u>Barker v. Wingo</u> analysis, the assertion of appellant's speedy trial right, we note that appellant first filed his motion to dismiss on February 26, 2007, the day pre-trial matters were heard. Appellant, however, contends that this is not the operative date for us to consider as his first assertion of his right to a speedy trial. Rather, appellant posits that when he objected to the State's dismissal during the first abortive trial, August 17, 2005, he was essentially arguing for a speedy trial. However, the record does not support appellant's position. The record affirmatively demonstrates appellant was arguing against the State's right to dismiss the case because of prosecutorial vindictiveness and not asserting his right to a speedy trial. Although appellant's faillure to seek a speedy trial until February 26 does not amount to a waiver, the failure of appellant to assert his right to a speedy trial is indicative that he did not truly desire a speedy trial. <u>Shaw</u>, 117 S.W.3d at 890. Therefore, the inaction of appellant weighs against a finding of a violation of his right to a speedy trial. <u>Id</u>.

The final <u>Barker v. Wingo</u> factor is the prejudice to appellant as a result of the delay. In assessing this factor we look at the interests which the speedy trial right was intended to protect: 1) to prevent oppressive pre-trial incarceration, 2) to minimize the appellant's anxiety and concern, and 3) to limit the possibility that the appellant's defense was impaired. <u>Barker</u>, 407 U.S. at 534. In this case, appellant was out on bond the entire time the case was pending. The trial court was presented with no evidence that appellant had suffered any type of anxiety or concern, above the anxiety and concern someone

11

charged with a felony normally feels. There was nothing presented to the trial court indicating that appellant's defense was in anyway impaired. We recognize that proof of prejudice is not essential to all speedy trial claims, because excessive delay presumptively compromises the trial. Shaw, 117 S.W.3d at 890. However, when, as in this case, appellant delays asserting his right to a speedy trial, the acquiescence in the delay extenuates the presumptive harm. Id.

After weighing those factors and giving deference to the trial court's resolution of the facts and reasonable inferences thereof, we cannot say that there was no support in the record and law for the trial court's ruling. Id. at 889. Therefore, we cannot say that the trial court's ruling lacked evidentiary support or was a misapplication of the law. Accordingly, appellant's third issue is overruled.

Exclusion of Evidence

Appellant next contends that the trial court committed reversible error in refusing to admit into evidence exhibit D-1, an order denying appellant an appointed attorney and the accompanying affidavit of financial status executed by appellant, in cause number 2002C-1077, one of the two prior driving while intoxicated convictions alleged in the indictment for jurisdictional purposes. As appellant's issue challenges the trial court's decision not to admit certain evidence, we must review the court's ruling to determine if the court abused its discretion. Allen v. State, 108 S.W.3d 281, 284 (Tex.Crim.App. 2003). A reviewing court should not reverse a trial judge's decision whose ruling is within the zone of reasonable disagreement. Green v. State, 934 S.W.2d 92, 102

12

(Tex.Crim.App. 1996).  A trial court's ruling on admissibility should not be disturbed simply because the appellate court might have decided a question differently.  Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990) (op. on reh'g).

Appellant proposed to introduce the order of the County Court of Hale County, Texas, for the purpose of attacking the validity of the judgment of conviction against the appellant in cause number 2002C-1077, one of the two prior convictions alleged for jurisdiction purposes.  Appellant further asserts it was necessary to introduce the document in order to present the jury with evidence that appellant's prior conviction had been illegally obtained.  In essence, appellant was attempting to collaterally attack the prior judgment.

We begin our analysis with the observation that we are required to presume the regularity of trial court proceedings.  Egger v. State, 62 S.W.3d 221, 224 (Tex.App.–San Antonio 2001, no pet.), citing Kelley v. State, 676 S.W.2d 104, 108 (Tex.Crim.App. 1984). The judgment offered by the State appears regular on its face.  Therefore, such recitations are binding in the absence of direct proof of their falsity.  Id., citing Breazeale v. State, 683 S.W.2d 446, 450 (Tex.Crim.App. 1984, op. on reh'g).  It is the defendant's burden to overcome this presumption of regularity.  Id.  Appellant posits that upon showing the order and the affidavit claiming indigency, they have direct proof of the falsity in the judgment. This approach fails to consider that the factual issue of appellant's alleged indigence is left to the trial court for determination.  See Whitehead v. State, 130 S.W.3d 866, 875-76 (Tex.Crim.App. 2004) (discussing the process of determination of indigent status and the standard of review upon appeal).  In the case at bar, the trial court in cause number

13

2002C-1077 found the issue adverse to appellant and nothing indicates that the trial court did not consider the affidavit filed by appellant in so finding. Thus, appellant has failed to overcome the presumption of regularity. Accordingly, the judgment is regular on its face and the recitations are binding upon the subsequent trial court. Egger, 62 S.W.3d at 224.

Prior to trial, appellant opted to file a motion to dismiss the enhancement paragraphs and quash the indictment, alleging therein that the same conviction shown in D-1 was obtained in violation to appellant's right to an appointed attorney. This is one of the methods by which a defendant can challenge a prior conviction. Id. at 211. The trial court heard the motion and ruled adversely to appellant. Appellant has not appealed that adverse finding.

Inasmuch as the judgment of the previous trial court was entitled to a presumption of regularity and the trial court heard the same argument in a pre-trial motion, from which appellant did not appeal, we cannot say that the trial court abused its discretion in refusing to admit the exhibit D-1. Allen, 108 S.W.3d at 284. Appellant's issue is overruled.

Legal and Factual Sufficiency of the Evidence

Appellant's last contention is that the evidence was legally and factually insufficient to prove that appellant was the same person convicted in the 1993 prior driving while intoxicated case. The indictment against appellant alleged two prior driving while intoxicated convictions. Both convictions were out of Hale County, Texas. It is as to the first in time of the two jurisdictional enhancements that appellant attacks the legal and factual sufficiency of the evidence.

14

When both legal and factual sufficiency are attacked we must first address the issue of legal sufficiency. See Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). If the evidence is legally sufficient, we then review the factual sufficiency challenge. See id.

In assessing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). In conducting a legal sufficiency review, an appellate court may not sit as a thirteenth juror, but rather must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).

When an appellant challenges the factual sufficiency of the evidence supporting his conviction, the reviewing court must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding the appellant guilty beyond a reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In performing a factual sufficiency review, we must give deference to the fact finder's determinations if supported by evidence and may not order a new trial simply because we may disagree with the verdict. See id. at 417. As an appellate court, we are not justified in ordering a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict. See id. Additionally, an appellate opinion addressing factual sufficiency must include a

15

discussion of the most important evidence that appellant claims undermines the jury's verdict. <u>Sims v. State</u>, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

In the case at bar, in order to prove the prior driving while intoxicated offenses, the State introduced a certified copy of the last judgment of conviction in cause number 2002C-1077 in the County Court of Hale County, Texas. This judgment contained the fingerprint and signature of Baldomero Ortegon. The testimony further revealed that the fingerprint was not of the quality to be useable for comparison purposes. However, the State then introduced the testimony of a hand writing expert, who, after examining an exemplar of appellant's signature and comparing it to the signature on the judgment, opined that the signature on the judgment was that of appellant. Additionally, the State introduced a certified copy of the judgment revoking probation in cause number 2002C-1077. Contained within the judgment revoking probation is a finding that appellant had been convicted in cause number 92C-1048 and that it is one and the same as the Baldomero Ortegon named in 2002C-1077. In connection with the conviction for driving while intoxicated in cause number 92C-1048, a certified copy of the judgment and of a waiver of arraignment under the name of Baldomero Ortegon in the same cause number was introduced by the State. The waiver of arraignment in cause number 92C-1048 contains the signature of Baldomero Ortegon. After comparing the signature on the waiver of arraignment to that of appellant, the hand writing expert opined that the signatures were the same. It is this evidence that appellant claims is legally insufficient to prove that the Baldomero Ortegon named in the judgment of conviction in 92C-1048 is the same as appellant.

16

There are a number of different methods for the State to prove that a defendant has a prior conviction. See Beck v. State, 719 S.W.2d 205, 209-10 (Tex.Crim.App. 1986). The State may meet its burden of proof on this issue by introducing certified copies of judgments along with independent evidence that the party named in the judgments is the same as that of the defendant. See Griffin v. State, 181 S.W.3d 818, 820 (Tex.App.–Houston [14th Dist] 2005, pet. ref'd). In the case before us, the State affirmatively linked the judgment in cause number 2002C-1077 to appellant via the testimony of the handwriting expert. In cause number 92C-1048, the State had the testimony of the same hand writing expert that it was appellant that signed the waiver of arraignment in the same cause number. Additionally, the judgment revoking probation in 2002C-1077 contained a recitation that the Baldomero Ortegon in that case had previously been convicted in 92C-1048 for the offense of driving while intoxicated. When we view this evidence in the light most favorable to the verdict, there was more than a mere modicum of evidence identifying appellant as one and the same as the Baldomero Ortegon named in the previous convictions. Moreno, 755 S.W.2d at 867. Accordingly, we cannot say that the jury was acting irrational when they found appellant guilty of the felony offense of driving while intoxicated. Jackson, 443 U.S. at 319; Ross, 133 S.W.3d at 620. The evidence was legally sufficient to sustain the judgment.

In reviewing the evidence without the prism of the light most favorable to the verdict, we are still left with evidence that directly links appellant to the 92C-1048 conviction. While this case might not be a model of proof of a prior conviction we still must give deference to the fact finder's conclusions. Watson, 204 S.W.3d at 417. With

17

that deference in mind, we cannot say that the jury was not rationally justified in finding that appellant had been previously convicted of driving while intoxicated in cause number 92C-1048. The appellant posits that the reason we should hold the evidence is factually insufficient is because there were no fingerprints on the judgment nor any other identifying characteristics. However, this position belies the testimony of the hand writing expert who compared appellant's signature exemplar to documents in the two causes used for enhancement. Additionally, this position totally discounts the recitations on the judgment in cause number 2002C-1077 that the Baldomero Ortegon named therein had previously been convicted of driving while intoxicated, a misdemeanor, in cause number 92C-1048. Accordingly, we overrule appellant's challenge to the factual sufficiency of the evidence.

Conclusion

Having overruled appellant's contentions, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Publish.

18