NO. 07-10-0078-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 8, 2011

_____

NEIL CURRAN,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE COUNTY COURT AT LAW NO 1 OF LUBBOCK COUNTY;

NO. 2009-456,362; HONORABLE LARRY B. "RUSTY" LADD, PRESIDING

_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Neil Curran was convicted of operating a vehicle at an unsafe speed. He raises six issues in which he seeks to overturn that conviction. Finding no merit to those issues, we affirm the judgment.

*Background*

On November 4, 2008, appellant, who was a Texas Tech student, and three fellow students, Chris Parker, Andrew Mosley, and Nathaniel Colon, were involved in a single car rollover accident on North County Road 2000 near FM 1294 in Lubbock County. Colon was injured but the other three boys were unharmed. When Deputy Scott Duncan arrived, he asked the three uninjured boys who had been driving the car. Appellant took out his license and claimed responsibility, though the car belonged to appellant's father.

When Trooper Jerry Johnson arrived at the scene, he again inquired about the driver's identity and was informed by appellant that he was the driver of the car. Appellant also told the trooper that he believed he had been traveling approximately 75 m.p.h. Appellant then called Colon's sister, whom he was dating, and told her that her brother had been injured in an accident, that he (appellant) was the driver, and that he had been driving too fast. Several days later, appellant and Parker told Trooper Johnson that Parker was the driver of the vehicle, though appellant had been the one who received the ticket.

*Issue 1 – Admission of Speed*

In his first issue, appellant complains of the trial court's admission into evidence of the statement made to Trooper Johnson as to the speed that appellant believed he had been going at the time of the accident. Appellant argues that it was opinion evidence that must be proffered by a properly qualified expert only after it has been shown to be reliable. We overrule the issue.

2

We review the trial court's admission of evidence for abuse of discretion. *Rodriguez v. State*, 280 S.W.3d 288, 289 (Tex. App.–Amarillo 2007, no pet.). Moreover, we may uphold the ruling if the evidence is admissible for any purpose. *McDuff v. State*, 939 S.W.2d 607, 619 (Tex. Crim. App. 1997).

Appellant assumes that his statement consisted of expert testimony. However, one may offer testimony based on actual knowledge as well as his lay opinion if that opinion is limited to those opinions or inferences which are rationally based on the perception of the witness and helpful to a determination of a fact in issue. TEX. R. EVID. 701; *see King v. State,* 129 S.W.3d 680, 683-84 (Tex. App.–Waco 2004, pet. ref'd). Speed is one area in which lay opinions may be offered. *McMillan v. State,* 754 S.W.2d 422, 425 (Tex. App.–Eastland 1988, pet. ref'd). Given that appellant admitted several times he was driving the vehicle, the trial court reasonably could have inferred that he had a factual basis from which to estimate his speed at the time of the accident. At least, we cannot say that such an inference would fall outside the zone of reasonable disagreement.

*Issue 2 – Subpoenas*

Next, appellant argues the trial court erred in quashing subpoenas he had issued for representatives of General Motors and Vericom Computers as well as Parker, Mosley, and Colon. We overrule the issue.

Initially, we note that Parker testified at trial. This rendered moot any complaint about that individual not being subpoenaed.

Regarding the other four potential witnesses, we again review the trial court's ruling under the standard of abused discretion. *Ortegon v. State,* 267 S.W.3d 537, 542

3

(Tex. App.–Amarillo 2008, pet. ref'd); *Emenhiser v. State,* 196 S.W.3d 915, 921 (Tex. App.–Fort Worth 2006, pet. ref'd). With this in mind, we note that the addresses listed on the subpoenas indicated that the prospective witnesses were located outside Lubbock County. This is of import because a defendant is entitled to subpoena witnesses who are located outside the county boundaries only if the offense for which he is being tried is punishable by confinement in jail. TEX. CODE CRIM. PROC. ANN. art. 24.16 (Vernon 2009). Here, appellant was cited for proceeding at an unsafe speed, which offense is a misdemeanor punishable only by a fine. *See* TEX. TRANSP. CODE ANN. §§542.301(b), 542.401, 545.351(a) (Vernon 1999).[1] Thus, he was not entitled to the subpoenas.

*Issue 3 – Denial of Recess*

In his third issue, appellant contends the trial court erred in denying his request for a recess during trial. We overrule the issue for several reasons.

First, appellant cites no direct or indirect authority supporting the proposition that he was entitled to a recess. This omission violates rule 38.1(i) of the Texas Rules of Appellate Procedure, which, consequently, means he waived the complaint. *See* TEX. R. APP. P. 38.1(i) (stating that an appellate brief must contain a clear and concise argument for the contentions made with appropriate citations to authorities); *Cardenas v. State,* 30 S.W.3d 384, 393 (Tex. Crim. App. 2000).

---

[1]Pursuant to the Transportation Code, a person convicted of speeding is subject to a fine of not less than $1 or more than $200. TEX. TRANSP. CODE ANN. §542.401 (Vernon 1999); *see also Halbert v. State,* No. 05-96-01438-CR, 1999 Tex. App. LEXIS 384, at *3 (Tex. App.–Dallas January 22, 1999, no pet.) (not designated for publication); *Clark v. State,* No. 01-96-01079-CR, 1998 Tex. App. Lexis 1610, at *2-3 (Tex. App.–Houston [1st Dist.] March 12, 1998, no pet.) (not designated for publication); *Riley v. State,* No. 07-96-0447-CR, 1997 Tex. App. LEXIS 5564, at *4 (Tex. App.–Amarillo October 24, 1997, no pet.) (not designated for publication). Under the Penal Code, a Class C misdemeanor is punishable by a fine not to exceed $500. TEX. PENAL CODE ANN. §12.23 (Vernon 2003). A fine of $500 was assessed against appellant, which is inconsistent with the Transportation Code.

Second, the recess was allegedly sought so that the witness being examined could obtain records regarding the "issuance of citations after rollover accidents."  Why this was relevant to appellant's guilt or innocence for operating a vehicle at an unsafe speed went unexplained.  Thus, we cannot say that he carried his burden of proving that the trial court abused its discretion in denying the recess.

*Issue 4 – Admission of Exhibits 11-13*

In his next issue, appellant argues that the trial court erred in admitting exhibits 11 through 13 into evidence.  The exhibits consisted of scaled diagrams of the crash site and a reconstruction of the accident.  They were allegedly inadmissible because the officer who created them "had help from another officer" and the latter was not made to testify.  Thus, his right to confront witnesses was denied him.   Furthermore, the State purportedly "failed to prove . . . that this computer generate [sic] accident reconstruction is reliable."   We overrule the issue.

Appellant's contentions consist of mere conclusory argument lacking analysis. And, while it may be that appellant referred to authority which he labeled "*Melendez"* and *"Kelly,"* he failed to explain how either pertained to or controlled the circumstances at bar.  It was not enough to merely say "[a]ppellant will not bore the Court with a discussion of *Kelly"* and then utter that "under *Kelly . . .* admission was reversible error." Nor was it enough to simply say that because the lab technician in *Melendez,* who apparently identified the controlled substance as cocaine, was required to testify, the officer who helped the witness at bar develop the exhibits was also required to testify. For all we were told, the "assisting" officer at bar may have done nothing more than

acquire a pencil, gather paper, provide a glass of water, or the like, and such would hardly be akin to the testimonial evidence involved in *Melendez.*

In short, it is not our obligation to add meat to a bone thrown at us by an appellant. When an appellant cares not to flesh out an issue through explanation and analysis, we are free to deem it waived. *Robinson v. State,* 851 S.W.2d 216, 221-22 (Tex. Crim. App. 1991). And, we do so here.

*Issue 5 – Hearsay*

Appellant argues in his fifth issue that the trial court should have granted his motion to strike certain testimony of Trooper Johnson. The testimony consisted of the officer stating that both Parker and appellant initially disclosed to him that appellant was driving the vehicle at the time of the accident. The trial court sustained a hearsay objection with regard to the purported utterance by Parker but refused to do so with regard to that of appellant. We overrule the issue.

It, like others proffered by appellant, lacks citation to authority and explanation as to why the admission of appellant had to be excluded simply because the statement of Parker may have been hearsay. Given this inadequacy in briefing, the issue was waived. *See* TEX. R. APP. P. 38.1(i) (stating that an appellate brief must contain a clear and concise argument for the contentions made with appropriate citations to authorities); *Cardenas v. State,* 30 S.W.3d at 393.

*Issue 6 – Testimony of Amit Desai*

Finally, appellant complains of the trial court's refusal to permit Amit Desai to testify about his belief that Parker, as opposed to appellant, actually was driving at the time. We overrule the issue.

6

A trial court may exclude redundant testimony or evidence.  *Sturgeon v. State,* 106 S.W.3d 81, 88 (Tex. Crim. App. 2003).  Furthermore, the testimony at issue was redundant of that already admitted.  Trooper Johnson testified that Parker told him (days after the accident) that he (Parker) was driving the vehicle.  So, the trial court's concluding that the Desai comments were inadmissible did not fall outside the zone of reasonable disagreement.

Having overruled all of appellant's issues, we affirm the judgment.


Per Curiam

Do not publish.