# NO. 12-18-00282-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BOBBY CULPEPPER,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Bobby Culpepper appeals his conviction for felony boating while intoxicated. In two issues, Appellant challenges the sufficiency of the evidence supporting his conviction and the trial court's denial of his motion to quash the indictment. We affirm.

### BACKGROUND

Appellant was charged by indictment with boating while intoxicated with two prior convictions for operating a motor vehicle while intoxicated, enhanced by a prior felony conviction. He filed a motion to quash the indictment because the record in one of the prior operating while intoxicated offenses, cause number 101,686-A, appears to indicate that he entered his plea without counsel, and he was unable to obtain the court reporter's record to determine whether he voluntarily waived his rights when he pleaded guilty. After a hearing, the trial court denied the motion, Appellant pleaded "not guilty," and the matter proceeded to a jury trial.

At trial, the evidence showed that Texas Game Warden Brad Clark observed Appellant commit two criminal offenses by riding a jet ski on public water after sunset and within fifty feet of a boat and an island at greater than headway speed. While investigating these offenses, Clark observed signs of intoxication in Appellant. After conducting field sobriety tests, Clark arrested Appellant for boating while intoxicated. A blood test measured Appellant's blood alcohol content

at 0.126 grams per 100 milliliters. Additionally, certified copies of documents from two prior driving while intoxicated cases were admitted into evidence, and the State's fingerprint expert testified that the prints in the documents matched Appellant's.

Ultimately, the jury found Appellant "guilty" as charged in the indictment and assessed his punishment at imprisonment for twenty years. This appeal followed.

## MOTION TO QUASH

In Appellant's second issue, he argues that the trial court erred by denying his motion to quash the indictment because there is no showing that he voluntarily waived his right to counsel in cause number 101,686-A.

### Standard of Review and Applicable Law

A conviction obtained when an indigent defendant is tried without appointed counsel or waiver of appointed counsel is void. *Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001). A defendant may challenge the validity of an enhancing conviction on this basis by moving to quash the indictment. *Ortegon v. State*, 267 S.W.3d 537, 545 (Tex. App.—Amarillo 2008, pet. ref'd). To prevail in such a challenge, the defendant has the burden to prove that, with respect to the enhancing conviction, he (1) was indigent, (2) was without counsel, and (3) did not voluntarily waive the right to counsel. *See Disheroon v. State*, 687 S.W.2d 332, 334 (Tex. Crim. App. 1985). An appellate court reviews a trial court's ruling on a motion to quash de novo. *State v. Ross*, 573 S.W.3d 817, 820 (Tex. Crim. App. 2019).

### Analysis

Appellant contends that there is no proof that he had or waived counsel in cause number 101,686-A. Consequently, he argues that his DWI conviction in that case is void and the trial court erred by denying his motion to quash. We disagree.

In support of his argument, Appellant cites *Burgett v. Texas*, 389 U.S. 109, 88 S. Ct. 258, 19 L. Ed. 2d 319 (1967) for the proposition that if the records from a prior conviction do not establish the defendant had or waived counsel, the conviction is presumed void. In *Burgett*, the judgment in the petitioner's prior conviction stated that he appeared without counsel, and there was no indication in the record that counsel was waived. *Id.* at 112. The Supreme Court held that the record raised a presumption that the petitioner was denied his right to counsel and therefore the conviction was void. *Id.* at 114.

However, subsequent to its decision in **Burgett**, the Supreme Court disagreed with a respondent that **Burgett** stands for the proposition that "every previous conviction used to enhance punishment is 'presumptively void' if waiver of a claimed constitutional right does not appear from the face of the record." *See **Parke v. Raley***, 506 U.S. 20, 31, 113 S. Ct. 517, 524, 121 L. Ed. 2d 391 (1992). In **Parke**, the records of the respondent's prior convictions did not contain transcripts of the plea proceedings to affirmatively show that his guilty pleas were knowing and voluntary. ***Id.***, 506 U.S. at 23, 113 S. Ct. at 520. The Court distinguished the case from **Burgett**, noting that at the time of the prior conviction in **Burgett**, state criminal defendants' right to counsel was not yet recognized and thus it was reasonable to presume the defendant did not waive that right. ***Id.***, 506 U.S. at 31, 113 S. Ct. at 524. The Court adhered to its precedent holding that even when a collateral attack on a final conviction rests on constitutional grounds, the presumption of regularity makes it appropriate to assign a burden of proof to the defendant. ***Id.***

Here, unlike in **Burgett**, a state criminal defendant's right to counsel was already recognized when Appellant was convicted in cause number 101,686-A in 1993. *See **Gideon v. Wainwright***, 372 U.S. 335, 342, 83 S. Ct. 792, 795, 9 L. Ed. 2d 799 (1963). Thus, it is reasonable to presume that Appellant waived that right and assign him the burden to prove otherwise. *See **Parke***, 506 U.S. at 31, 113 S. Ct. at 524. The record contains docket sheets from cause number 101,686-A reciting that Appellant appeared at a plea hearing "w/o," and his "rights were fully explained and formalities waived." Although "w/o" appears to indicate that Appellant appeared without counsel, the record in this case does not establish on its face that Appellant neither had counsel nor waived his right to counsel, and Appellant did not establish this fact by other evidence. Therefore, we conclude that the trial court correctly denied Appellant's motion to quash the indictment. *See **Disheroon***, 687 S.W.2d at 334; *see also **Ross***, 573 S.W.3d at 820. Accordingly, we overrule Appellant's second issue.

## EVIDENTIARY SUFFICIENCY

In his first issue, Appellant contends that the evidence is insufficient to prove his prior conviction in cause number 101,686-A.

### Standard of Review and Applicable Law

In Texas, the *Jackson v. Virginia* standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a

3

criminal offense that the state is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under the *Jackson* standard, the relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact would have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). The responsibility of the trier of fact is to fairly resolve conflicts in the testimony, to weight the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id*. The jury is the exclusive judge of the credibility of witnesses and the weight to be given their testimony. *Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000). Likewise, reconciliation of conflicts in the evidence is within the exclusive province of the jury. *Id*. Because the jury is the sole judge of a witness's credibility, and the weight to be given the testimony, it may choose to believe some testimony and disbelieve other testimony. *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008).

Boating while intoxicated is a third-degree felony when it is shown at trial that the defendant was previously convicted twice of any other offense relating to the operating of a motor vehicle while intoxicated. TEX. PENAL CODE ANN. § 49.09(b)(2) (West Supp. 2019). To establish that a defendant has been convicted of a prior offense, the state must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). No specific document or mode of proof is required to prove these elements. *Id*. While evidence of a certified copy of a final judgment and sentence may be a preferred and convenient means, the state may prove the elements in a number of ways, including (1) the defendant's admission or stipulation, (2) testimony by a person who was present when the person was convicted of the crime and can identify the defendant as that person, or (3) documentary proof that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted. *Id*. at 921-22.

**Analysis**

Appellant argues that the evidence is insufficient to prove his prior conviction in cause number 101,686-A because there is no judgment in the record. We disagree.

Although the State did not introduce a judgment to prove Appellant's conviction in cause number 101,686-A, there is sufficient other evidence to support the jury's finding that the conviction exists. The record contains a signed probation order in cause number 101,686-A

4

naming Appellant as the defendant. The order recites that Appellant pleaded "GUILTY/NO CONTEST," and the trial court adjudged him guilty of DWI and assessed his punishment at a fine of $800.00 and confinement for one year, suspended for a term of two years. The State's fingerprint expert testified that a fingerprint on the order matches Appellant's. Viewing the evidence in the light most favorable to the verdict, we conclude that the jury was rationally justified in finding, beyond a reasonable doubt, that Appellant was convicted of DWI in cause number 101,686-A. *See id.*; ***Jackson***, 443 U.S. at 319, 99 S. Ct. at 2789; *see also **Brooks***, 323 S.W.3d at 899. Accordingly, we overrule Appellant's first issue.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered November 27, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 27, 2019**

**NO. 12-18-00282-CR**

**BOBBY CULPEPPER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-0892-18)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*