NO. 07-09-0286-CR, 07-09-0287-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 30, 2009
______________________________

BRETT JOHNSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-422,579, 2009-422,665; HONORABLE BRAD UNDERWOOD, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINION
          Appellant, Brett Johnson, filed a notice of appeal with this Court seeking appeal of
his conviction and sentence in trial court cause numbers 2009-422,579 and 2009-422,665. 
On October 23, 2009, the clerk’s records in these two causes were filed with the Clerk of
this Court. Neither clerk’s record contains a judgment convicting appellant in the above
identified cause numbers, rather, there are orders dismissing each cause. Concluding that
we have no jurisdiction to address these appeals, we dismiss them as moot.
          A threshold question in any case is whether the court has jurisdiction over the
pending controversy. See State v. Roberts, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996). 
A court has jurisdiction to determine whether it has jurisdiction. Roberts, 940 S.W.2d at
657; Olivo v. State, 918 S.W.2d 519, 523 (Tex.Crim.App. 1996). 
          Appellate courts are prohibited from deciding moot controversies. See Ex parte
Flores, 130 S.W.3d 100, 104-05 (Tex.App.–El Paso 2003, no pet.). This prohibition is
rooted in the separation of powers doctrine contained in the United States and Texas
Constitutions that prohibit courts from rendering advisory opinions. See Tex. Const. art.
II, § 1; Texas Ass’n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 444 (Tex. 1993). 
A case is moot when (1) a party seeks a judgment to resolve a controversy, but no
controversy exists, or (2) judgment is sought on a matter which cannot have any practical
legal effect on an existing controversy. Texas Health Care Info. Council v. Seton Health
Plan, Inc., 94 S.W.3d 841, 846-47 (Tex.App.–Austin 2002, pet. denied). Because
appellant seeks relief from a conviction and a sentence that was never rendered, no
controversy exists in these appeals. Further, our proceeding with the appeals and
rendering opinions and judgments would have no practical legal effect on any existing
controversy. Thus, we conclude that the appeals have become moot and dismiss them
for want of jurisdiction. See Cabrera v. State, No. 01-02-00513-CR, 2002 Tex.App. LEXIS
5604, at *1 (Tex.App.–Houston [1st Dist.] August 1, 2002, no pet.) (memo. op.).
          Accordingly, these appeals are dismissed as moot.
                                                                           Mackey K. Hancock

                                                                                    Justice

Do not publish.



ld not offer the prior convictions, with the exception
of those alleged for felony jurisdiction purposes in the indictment. Thereafter, the State
conducted voir dire examination of the jury panel. At the conclusion of the State’s voir dire,
the trial court took its noon recess. Shortly before the conclusion of the noon recess, the
State’s attorney approached appellant’s counsel and advised that the appellant had a
choice to either waive the notice requirement for the use of the prior convictions or the
State would seek a dismissal without prejudice and re-indict the case alleging other felony
convictions for purpose of enhancement of the sentence. Appellant refused to waive his
objection and, when the court reconvened, the State moved to dismiss the indictment
without prejudice. Appellant objected to the State being allowed to dismiss without
prejudice in order to seek re-indictment. The trial court overruled the objection and the
dismissal without prejudice was granted.
          Subsequently, the State re-indicted the case alleging three prior felony convictions
for purposes of enhancement. Appellant filed a motion to quash the subsequent
indictment alleging prosecutorial misconduct or prosecutorial vindictiveness. Prior to a pre-trial hearing on the motion to quash the indictment, appellant caused to be issued two
subpoenas for the attorneys who represented the State in the previous trial setting. The
State filed a motion to quash the subpoenas and requested the issuance of a protective
order. The trial court granted the motion to quash the subpoenas and denied the motion
to quash the indictment.
          Trial was scheduled for February 26, 2007. During another pre-trial hearing,
appellant again urged his motion to quash the indictment and a motion to dismiss alleging
that he had been denied a speedy trial. The trial court heard both motions and denied
each. The case proceeded to trial. The jury subsequently found appellant guilty of felony
driving while intoxicated. Appellant elected to go to the judge for punishment. At the
punishment hearing, appellant pleaded “Not True” to the punishment enhancement
paragraphs that were read. At the conclusion of the punishment hearing, the trial court
found that the first and third enhancement allegation were true and assessed appellant’s
punishment at confinement in the Institutional Division of the Texas Department of Criminal
Justice for a term of 25 years. It is from this judgment that appellant appeals.
          Appellant contends, through four issues, that the trial court committed reversible
error in: 1) failing to quash the indictment for prosecutorial vindictiveness or prosecutorial
misconduct; 2) granting the State’s motion to quash the subpoena of the original two
State’s attorneys; 3) denying appellant’s motion to dismiss for want of a speedy trial; and 
4) excluding appellant’s affidavit of indigency from one of appellant’s prior driving while
intoxicated convictions. By a fifth issue, appellant complains of the legal and factual
sufficiency of the evidence to support the jury finding of guilt to the offense of felony driving
while intoxicated. We will address the issues as they appeared in the record.
Prosecutorial Vindictiveness
          Appellant contends that the actions of the State in dismissing the indictment and
seeking re-indictment alleging prior felony convictions for enhancement purposes, after the
trial court had sustained appellant’s motion to disallow use of any prior convictions, based
on the State not providing prior notice of intent to use those convictions, amounted to
prosecutorial vindictiveness. Appellant posits that trial court’s ruling on the motion to
exclude the prior convictions is the exercise of a statutory or constitutional right that shields
appellant from trial on an indictment that would subject him to enhanced punishment. With
that understanding, appellant contends that the trial court’s overruling the pre-trial motion
to dismiss for prosecutorial vindictiveness was reversible error.
          In order to sustain his issue, appellant asserts that we must presume prosecutorial
misconduct under the fact situation presented. To this end, appellant cites the Court to
Neal v. State, 150 S.W.3d 169, 173 (Tex.Crim.App. 2004). In Neal, the court essentially
held that the presumption that prosecution has been brought in good faith gives way to
either a rebuttable presumption of prosecutorial vindictiveness or proof of actual
vindictiveness when a decision to prosecute has been brought after a defendant exercises
his legal rights. Id. It is of note, however, that in the final analysis the Neal court did not
decide the case on the issue prosecutorial vindictiveness, rather, the ultimate issue
determined was that appellant had not properly preserved the issue for appeal under the
Texas Rule of Appellate Procedure 33.1(a). Id. at 179. 
          A review of the cases that have found judicial or prosecutorial vindictiveness reveals
that nearly all are dealing with fact patterns where the defendant has successfully appealed
a final conviction or otherwise lawfully requested a higher tribunal to provide a second trial. 
See North Carolina v. Pearce, 395 U.S. 711, 723-24, 89 S.Ct. 2072, 23 L.Ed. 656 (1969)
(holding that an announced practice of giving a harsher sentence when a defendant had
previously successfully appealed was a violation of due process), See also Blackledge v.
Perry, 417 U.S. 21, 27, 94 S.Ct. 2098, 40 L.Ed 2d 628 (1974) (finding that a prosecutor’s
attempt to discourage trial de novo by a higher court by threatening to re-indict a
misdemeanor as felony was a denial of due process). As a result of the development of
the law in this area, the United States Supreme Court handed down the seminal opinion
of United States v. Goodwin, 457 U.S. 368, 102 S.Ct. 2458, 73 L.Ed 2d 74 (1982). As
Justice Stevens wrote, the case was about presumptions. Id. at 369. The question the
Supreme Court was trying to answer was: do we apply these presumptions of
vindictiveness in situations other than post-trial proceedings? Id. The court proceeded to
cover the historical development of the theory of judicial and prosecutorial vindictiveness. 
After discussing the many different scenarios regarding prosecutorial discretion in the
charging of felonious conduct and pretrial negotiations, the court stated, “Thus, a change
in the charging decision made after an initial trial is completed is much more likely to be
improperly motivated than is a pretrial decision.” Id. at 381. Eventually the court came
down with the decision that the prosecutor’s conduct was not such that a presumption of
vindictiveness should apply. Id. From this analysis, we are left with the question of
whether a presumption of vindictiveness should apply in the case before the Court. Based
on the Court of Criminal Appeals decision in Neal, it is difficult to ascertain whether or not
we are to automatically apply a rebuttable presumption of vindictiveness. For purposes of
this opinion we will assume, arguendo, that we are required, at the minimum, to apply a
presumption of vindictiveness.


 
          In the case of Hood v. State, the court was faced with a situation where Hood had
appealed his conviction and obtained a new trial, only to be faced with a re-indictment that
for the first time alleged two enhancement paragraphs. Hood v. State, 185 S.W.3d 445, 
446 (Tex.Crim.App. 2006). The appellant in Hood filed a motion to quash the new
indictment claiming prosecutorial vindictiveness. Id. The trial court denied the motion
based upon the prosecutor’s explanation that enhancements were “an omission from the
very first indictment and should have been charged from the beginning.” Id. 447. After
setting forth the standard enunciated in Neal, the court further stated that the trial court
decides the issue based upon all the evidence, including the credibility of the prosecutor’s
explanation. Id. at 448. In the final analysis, the court in Hood determined that the
“mistake or oversight” explanation is an “objective explanation” that is sufficient to rebut the
presumption of prosecutorial vindictiveness. Id. at 450. 
          As in the Hood case, we are faced with a situation where the prosecutor, when
facing a motion to dismiss alleging prosecutorial vindictiveness, came forth with the
explanation that the failure to place the enhancements in the original indictments was due
to oversight and mistake. The trial court, as the fact finder, accepted that explanation and
denied the motion. We cannot say that the trial court committed error in so finding. 
Accordingly, appellant’s first issue is overruled.
Subpoena of Prosecutors
          Next, appellant contends that the trial court committed reversible error in quashing
the subpoenas issued for the appearance of the two prosecutors who dismissed the
indictment of appellant in order to seek a new indictment alleging the prior felony
convictions. While the Texas Constitution provides that criminal defendants have a right
to compulsory process for obtaining witnesses, that right is not absolute, rather it is
addressed to the trial court’s discretion. See Tex. Const. art. I, § 10, see Drew v. State,
743 S.W.2d 207, 225 n.11 (Tex.Crim.App. 1987), see also Emenhiser v.State, 196 S.W.3d
915, 921 (Tex.App.–Fort Worth 2006, pet. ref’d). We review the quashing of the
subpoenas in question under an abuse of discretion standard. Emenhiser, 196 S.W.3d at
921. A trial court abuses its discretion only if the reviewing appellate court can say with
confidence that no reasonable perception of the matter under consideration could have
yielded the decision made by the trial court. See Montgomery v. State, 810 S.W.2d 372,
391 (Tex.Crim.App. 1990) (op. on reh’g). 
          In the case at bar, the trial court had previously granted the State’s motion to
dismiss the indictment in order to re-indict appellant with the allegations of prior felony
convictions. At the time of the dismissal, the trial court heard the explanation of the
prosecutors regarding the failure to include the prior felony enhancements. Subsequently,
the trial court heard the motion to quash the subpoenas and appellant’s motion to quash
the new indictment on the same day. At that pre-trial hearing, the trial court again heard
that the failure to originally indict appellant with the enhancement paragraphs was due to
oversight or mistake. In as much as the Texas Court of Criminal Appeals has held that
such an explanation is an objective explanation and is, therefore, sufficient to rebut any
presumption of prosecutorial vindictiveness, we cannot say that the trial court’s decision
to quash appellant’s subpoenas was an abuse of discretion. See Hood, 185 S.W.3d at
446. See also Montgomery, 810 S.W.2d at 391. Accordingly, appellant’s second issue is
overruled.
Speedy Trial
          Appellant next contends that the trial court erred in overruling his motion for speedy
trial. The right to a speedy trial is guaranteed by both the federal and state constitutions. 
See U.S. Const. amend. VI, Tex. Const. art. I § 10. If it is shown that appellant’s right to
a speedy trial has been violated the prosecution must be dismissed. Shaw v. State, 117
S.W.3d 883, 888 (Tex.Crim.App. 2003). In addressing the issue of appellant’s right to a
speedy trial, the trial court balances factors such as 1) the length of the delay, 2) the
reason for delay, 3) the appellant’s assertion of his speedy trial right, and 4) any prejudice
resulting from the delay. Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d
101 (1972), see also Zamorano v. State, 84 S.W.3d 643, 648 (Tex.Crim.App. 2002)
(holding that “this Court has traditionally analyzed claims of denial of the state speedy trial
right under the factors established in Barker v. Wingo”). No single factor is necessary or
sufficient to establish a violation of appellant’s right to a speedy trial. Barker, 407 U.S. at
531, Shaw, 117 S.W.3d at 889. The correct approach is a balancing test in which the
conduct of the prosecution and the defendant are weighed. Barker, 407 U.S. at 530,
Shaw, 117 S.W.3d at 888. When reviewing the action of the trial court in denying
appellant’s motion to dismiss for failure to grant a speedy trial, we give deference to the
trial court’s resolution of factual matters. Kelly v. State, 163 S.W.3d 722, 726
(Tex.Crim.App. 2005). Under this deference standard, we not only give deference to the
trial court’s resolution of disputed facts, but also to the drawing of reasonable inferences
from the facts. Id. That deference extends to the trial court’s findings, even if the findings
do not turn on an assessment of the credibility and demeanor. Id. If, after giving the
deference required to the trial court, there is support in the record and law for the ruling,
we cannot change it. See Shaw, 117 S.W.3d at 889. 
          In the case before us, appellant was re-indicted on the charges that resulted in the
trial we now consider on August 31, 2005. Trial was conducted beginning February 26,
2007. During pre-trial hearings on February 26, 2007, appellant presented his motion to
dismiss for failure to grant a speedy trial to the trial court. No evidence was presented at
the hearing. The trial court initially carried the motion in order to read authority submitted
by appellant. At the conclusion of the State’s case in chief, the trial court denied the
motion without further comment. 
          Both appellant and State argue that the period of time to consider for purposes of
appellant’s right to a speedy trial is the intervening 18 month period between the dismissal
after the State’s voir dire and the beginning of the trial in question.


 This delay in trial is
sufficient to trigger a speedy trial inquiry. Id., see also Rodriquez v. State, 227 S.W.3d
842, 844 (Tex.App.–Amarillo 2007, no pet.). Because the length of delay triggers the
inquiry, this factor weighs in favor of finding a violation of appellant’s speedy trial right. 
Id.
          As to the second element of the Barker v. Wingo analysis, the reason for delay, the
record before us contains no explanation for the delay from the date of re-indictment until
the date of trial.


 There was no evidence offered to explain the delay. We are allowed
to consider the argument of counsel in considering the reason for delay, however, the
State offered no explanation for the delay. Without an explanation for the delay, the Court
may presume neither a deliberate attempt on the part of the State to prejudice the
defense nor a valid reason for the delay, Rodriquez, 227 S.W.3d at 844. Therefore, this
factor weighs against the State. Id.
          In considering the third element of the Barker v. Wingo analysis, the assertion of
appellant’s speedy trial right, we note that appellant first filed his motion to dismiss on
February 26, 2007, the day pre-trial matters were heard. Appellant, however, contends
that this is not the operative date for us to consider as his first assertion of his right to a
speedy trial. Rather, appellant posits that when he objected to the State’s dismissal
during the first abortive trial, August 17, 2005, he was essentially arguing for a speedy
trial. However, the record does not support appellant’s position. The record affirmatively
demonstrates appellant was arguing against the State’s right to dismiss the case because
of prosecutorial vindictiveness and not asserting his right to a speedy trial. Although
appellant’s faillure to seek a speedy trial until February 26 does not amount to a waiver,
the failure of appellant to assert his right to a speedy trial is indicative that he did not truly
desire a speedy trial. Shaw, 117 S.W.3d at 890. Therefore, the inaction of appellant
weighs against a finding of a violation of his right to a speedy trial. Id.
          The final Barker v. Wingo factor is the prejudice to appellant as a result of the
delay. In assessing this factor we look at the interests which the speedy trial right was
intended to protect: 1) to prevent oppressive pre-trial incarceration, 2) to minimize the
appellant’s anxiety and concern, and 3) to limit the possibility that the appellant’s defense
was impaired. Barker, 407 U.S. at 534. In this case, appellant was out on bond the entire
time the case was pending. The trial court was presented with no evidence that appellant
had suffered any type of anxiety or concern, above the anxiety and concern someone
charged with a felony normally feels. There was nothing presented to the trial court
indicating that appellant’s defense was in anyway impaired. We recognize that proof of
prejudice is not essential to all speedy trial claims, because excessive delay presumptively
compromises the trial. Shaw, 117 S.W.3d at 890. However, when, as in this case,
appellant delays asserting his right to a speedy trial, the acquiescence in the delay
extenuates the presumptive harm. Id. 
          After weighing those factors and giving deference to the trial court’s resolution of
the facts and reasonable inferences thereof, we cannot say that there was no support in
the record and law for the trial court’s ruling. Id. at 889. Therefore, we cannot say that
the trial court’s ruling lacked evidentiary support or was a misapplication of the law. 
Accordingly, appellant’s third issue is overruled.
Exclusion of Evidence
          Appellant next contends that the trial court committed reversible error in refusing
to admit into evidence exhibit D-1, an order denying appellant an appointed attorney and
the accompanying affidavit of financial status executed by appellant, in cause number
2002C-1077, one of the two prior driving while intoxicated convictions alleged in the
indictment for jurisdictional purposes. As appellant’s issue challenges the trial court’s
decision not to admit certain evidence, we must review the court’s ruling to determine if
the court abused its discretion. Allen v. State, 108 S.W.3d 281, 284 (Tex.Crim.App.
2003). A reviewing court should not reverse a trial judge’s decision whose ruling is within
the zone of reasonable disagreement. Green v. State, 934 S.W.2d 92, 102
(Tex.Crim.App. 1996). A trial court’s ruling on admissibility should not be disturbed simply
because the appellate court might have decided a question differently. Montgomery v.
State, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990) (op. on reh’g).
          Appellant proposed to introduce the order of the County Court of Hale County,
Texas, for the purpose of attacking the validity of the judgment of conviction against the
appellant in cause number 2002C-1077, one of the two prior convictions alleged for
jurisdiction purposes. Appellant further asserts it was necessary to introduce the
document in order to present the jury with evidence that appellant’s prior conviction had
been illegally obtained. In essence, appellant was attempting to collaterally attack the
prior judgment. 
          We begin our analysis with the observation that we are required to presume the
regularity of trial court proceedings. Egger v. State, 62 S.W.3d 221, 224 (Tex.App.–San
Antonio 2001, no pet.), citing Kelley v. State, 676 S.W.2d 104, 108 (Tex.Crim.App. 1984). 
The judgment offered by the State appears regular on its face. Therefore, such recitations
are binding in the absence of direct proof of their falsity. Id., citing Breazeale v. State, 683
S.W.2d 446, 450 (Tex.Crim.App. 1984, op. on reh’g). It is the defendant’s burden to
overcome this presumption of regularity. Id. Appellant posits that upon showing the order
and the affidavit claiming indigency, they have direct proof of the falsity in the judgment. 
This approach fails to consider that the factual issue of appellant’s alleged indigence is
left to the trial court for determination. See Whitehead v. State, 130 S.W.3d 866, 875-76
(Tex.Crim.App. 2004) (discussing the process of determination of indigent status and the
standard of review upon appeal). In the case at bar, the trial court in cause number
2002C-1077 found the issue adverse to appellant and nothing indicates that the trial court
did not consider the affidavit filed by appellant in so finding. Thus, appellant has failed to
overcome the presumption of regularity. Accordingly, the judgment is regular on its face
and the recitations are binding upon the subsequent trial court. Egger, 62 S.W.3d at 224. 
          Prior to trial, appellant opted to file a motion to dismiss the enhancement
paragraphs and quash the indictment, alleging therein that the same conviction shown in
D-1 was obtained in violation to appellant’s right to an appointed attorney. This is one of
the methods by which a defendant can challenge a prior conviction. Id. at 211. The trial
court heard the motion and ruled adversely to appellant. Appellant has not appealed that
adverse finding. 
          Inasmuch as the judgment of the previous trial court was entitled to a presumption
of regularity and the trial court heard the same argument in a pre-trial motion, from which
appellant did not appeal, we cannot say that the trial court abused its discretion in refusing
to admit the exhibit D-1. Allen, 108 S.W.3d at 284. Appellant’s issue is overruled.
Legal and Factual Sufficiency of the Evidence
          Appellant’s last contention is that the evidence was legally and factually insufficient
to prove that appellant was the same person convicted in the 1993 prior driving while
intoxicated case. The indictment against appellant alleged two prior driving while
intoxicated convictions. Both convictions were out of Hale County, Texas. It is as to the
first in time of the two jurisdictional enhancements that appellant attacks the legal and
factual sufficiency of the evidence.
          When both legal and factual sufficiency are attacked we must first address the
issue of legal sufficiency. See Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App.
1996). If the evidence is legally sufficient, we then review the factual sufficiency
challenge. See id. 
          In assessing the legal sufficiency of the evidence, we review all the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133
S.W.3d 618, 620 (Tex.Crim.App. 2004). In conducting a legal sufficiency review, an
appellate court may not sit as a thirteenth juror, but rather must uphold the jury’s verdict
unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno
v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).
          When an appellant challenges the factual sufficiency of the evidence supporting
his conviction, the reviewing court must determine whether, considering all the evidence
in a neutral light, the jury was rationally justified in finding the appellant guilty beyond a
reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In
performing a factual sufficiency review, we must give deference to the fact finder’s
determinations if supported by evidence and may not order a new trial simply because we
may disagree with the verdict. See id. at 417. As an appellate court, we are not justified
in ordering a new trial unless there is some objective basis in the record demonstrating
that the great weight and preponderance of the evidence contradicts the jury’s verdict. 
See id. Additionally, an appellate opinion addressing factual sufficiency must include a
discussion of the most important evidence that appellant claims undermines the jury’s
verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).
          In the case at bar, in order to prove the prior driving while intoxicated offenses, the
State introduced a certified copy of the last judgment of conviction in cause number
2002C-1077 in the County Court of Hale County, Texas. This judgment contained the
fingerprint and signature of Baldomero Ortegon. The testimony further revealed that the
fingerprint was not of the quality to be useable for comparison purposes. However, the
State then introduced the testimony of a hand writing expert, who, after examining an
exemplar of appellant’s signature and comparing it to the signature on the judgment,
opined that the signature on the judgment was that of appellant. Additionally, the State
introduced a certified copy of the judgment revoking probation in cause number 2002C-1077. Contained within the judgment revoking probation is a finding that appellant had
been convicted in cause number 92C-1048 and that it is one and the same as the
Baldomero Ortegon named in 2002C-1077. In connection with the conviction for driving
while intoxicated in cause number 92C-1048, a certified copy of the judgment and of a
waiver of arraignment under the name of Baldomero Ortegon in the same cause number
was introduced by the State. The waiver of arraignment in cause number 92C-1048
contains the signature of Baldomero Ortegon. After comparing the signature on the
waiver of arraignment to that of appellant, the hand writing expert opined that the
signatures were the same. It is this evidence that appellant claims is legally insufficient
to prove that the Baldomero Ortegon named in the judgment of conviction in 92C-1048
is the same as appellant.
          There are a number of different methods for the State to prove that a defendant
has a prior conviction. See Beck v. State, 719 S.W.2d 205, 209-10 (Tex.Crim.App. 1986). 
The State may meet its burden of proof on this issue by introducing certified copies of
judgments along with independent evidence that the party named in the judgments is the
same as that of the defendant. See Griffin v. State, 181 S.W.3d 818, 820
(Tex.App.–Houston [14th Dist] 2005, pet. ref’d). In the case before us, the State
affirmatively linked the judgment in cause number 2002C-1077 to appellant via the
testimony of the handwriting expert. In cause number 92C-1048, the State had the
testimony of the same hand writing expert that it was appellant that signed the waiver of
arraignment in the same cause number. Additionally, the judgment revoking probation in
2002C-1077 contained a recitation that the Baldomero Ortegon in that case had
previously been convicted in 92C-1048 for the offense of driving while intoxicated. When
we view this evidence in the light most favorable to the verdict, there was more than a
mere modicum of evidence identifying appellant as one and the same as the Baldomero
Ortegon named in the previous convictions. Moreno, 755 S.W.2d at 867. Accordingly,
we cannot say that the jury was acting irrational when they found appellant guilty of the
felony offense of driving while intoxicated. Jackson, 443 U.S. at 319; Ross, 133 S.W.3d
at 620. The evidence was legally sufficient to sustain the judgment.
          In reviewing the evidence without the prism of the light most favorable to the
verdict, we are still left with evidence that directly links appellant to the 92C-1048
conviction. While this case might not be a model of proof of a prior conviction we still
must give deference to the fact finder’s conclusions. Watson, 204 S.W.3d at 417. With
that deference in mind, we cannot say that the jury was not rationally justified in finding
that appellant had been previously convicted of driving while intoxicated in cause number
92C-1048. The appellant posits that the reason we should hold the evidence is factually
insufficient is because there were no fingerprints on the judgment nor any other identifying
characteristics. However, this position belies the testimony of the hand writing expert who
compared appellant’s signature exemplar to documents in the two causes used for
enhancement. Additionally, this position totally discounts the recitations on the judgment
in cause number 2002C-1077 that the Baldomero Ortegon named therein had previously
been convicted of driving while intoxicated, a misdemeanor, in cause number 92C-1048. 
Accordingly, we overrule appellant’s challenge to the factual sufficiency of the evidence.
 Conclusion
          Having overruled appellant’s contentions, we affirm the judgment of the trial court.
 
                                                                Mackey K. Hancock

                                                                         Justice

 
 
 
 
Publish.