**Dennis HOOD, Appellant,**

v.

**The STATE of Texas.**

No. PD–0945–04.

Court of Criminal Appeals of Texas.

Jan. 18, 2006.

**446**

Joe Marr Wilson, Amarillo, for Appellant.

John L. Owen, Asst. District Attorney, Amarillo, Matthew Paul, State's Atty., Austin, for State.

## OPINION

HERVEY, J., delivered the opinion of the Court in which KELLER, P.J., KEASLER, HOLCOMB and COCHRAN, JJ., joined.

At issue is whether the government violated due-process principles by adding two enhancement paragraphs to appellant's reindictment after appellant's conviction on the original indictment was reversed on appeal. We decide that no due-process violation occurred.

Appellant was indicted in November 1994 for aggravated sexual assault of a child under fourteen years of age. This indictment contained no enhancement paragraphs. A jury convicted appellant of the offense charged in this indictment and assessed a sixty-five-year sentence. The Seventh Court of Appeals reversed this conviction and remanded "the cause for further proceedings" on grounds not relevant to this opinion.[1] The State subsequently reindicted appellant for the same offense that was charged in the original indictment. The reindictment included two enhancement paragraphs that were not in the original indictment.[2]

Appellant moved to quash the reindictment claiming that the prosecution vindictively added the enhancement paragraphs because appellant had successfully appeal-

---

1. *See Hood v. State,* 944 S.W.2d 743, 747 (Tex.App.-Amarillo 1997, no pet.).

2. Appellant faced a maximum sentence of life imprisonment with or without the enhancement paragraphs. *See* TEX. PEN.CODE, § 22.021(e); TEX. PEN.CODE, § 12.32. The addition of the enhancement paragraphs had the effect of increasing appellant's minimum sentence from five years on an unenhanced aggravated sexual assault of a child offense to twenty-five years upon a finding of "true" to the enhancements. *See id.;* TEX. PEN.CODE, § 12.42(d). Arguably, the additional en-

hancements did not harm appellant since neither of appellant's sentencing juries apparently considered a minimum sentence. *But see Miracle v. Estelle,* 592 F.2d 1269, 1276–77 (5th Cir.1979) (describing how this could support a prosecutorial vindictiveness claim); *but also see Miracle v. State,* 604 S.W.2d 120, 125 (Tex.Cr.App.1980) (asserting that Fifth Circuit's *Miracle v. Estelle* decision was "chock full of factual misstatements and some misconceptions of the Texas substantive law applicable to the case before it").

ed his conviction on the original indictment.[3] The trial court denied this motion based on the prosecutor's explanation that the enhancements were "an omission from the very first indictment and should have been charged from the beginning."[4] Appellant presented no argument or evidence on why this explanation was insufficient to defeat a prosecutorial vindictiveness claim. After convicting appellant of the offense charged in the reindictment, a jury found the enhancement paragraphs "true" and sentenced appellant to life imprisonment.[5]

Appellant claimed on direct appeal that the prosecution vindictively added the enhancement paragraphs to the reindictment. The Seventh Court of Appeals rejected this claim and decided that the trial court did not abuse its discretion in deciding that the prosecutor's uncontroverted explanation (which we have set out above)

overcame any presumption of vindictiveness. *Hood v. State*, 2004 WL 573827, at *6, 2004 Tex.App. LEXIS 2570 slip op. at 7 (Tex.App.Amarillo 2004) (not designated for publication). We exercised our discretionary authority to review this decision. The grounds upon which we granted discretionary review state:

> Did the Court of Appeals err in holding that the State was not vindictive when it reindicted petitioner and added the two enhancement paragraphs?

> Can petitioner be reindicted for an offense greater than the offense for which he was originally indicted?

> Was the State allowed to reindict petitioner after the original conviction was reversed and remanded for a new trial without providing objective information

3. The record reflects that appellant filed a *pro se* pretrial motion to quash the reindictment. This lengthy motion contained various allegations of prosecutorial misconduct. Among various other things, this motion alleged that the "prosecutor was vindictive with the reindictment for alleging two enhancement paragraphs to increase the minimum punishment." During the pretrial motions hearing, appellant's trial attorney did not present this motion to the trial court until reminded to do so by appellant.

> [APPELLANT'S TRIAL COUNSEL]: All right. Those are all the motions I have.
> [APPELLANT]: You didn't—you didn't identify the motion to quash the indictment.
> [APPELLANT'S TRIAL COUNSEL]: Oh. [Appellant] had *previously filed*, and I *did not* include it within the trial motions, a separate motion to quash the indictment. The various grounds and arguments, one of which—let me see if I can try to summarize them—that—that the State is—has vindictively reindicted him by adding enhancement paragraphs which were not present in the original indictment and therefore is, in essence, punishing him for exercise of his constitutional rights to seek redress from the Court of Appeals and to insist upon a constitutionally fair trial. And so [appellant] has sought a motion to quash the

indictment. I believe that these have been filed quite some time ago and they are in the Court's record. They were filed in April of this year.

4. The prosecutor stated:

> Concerning the first argument, which was the fact that it was vindictive prosecution to now allege two enhancement paragraphs, that is the State's option. I was not the prosecutor on the first case, as the Court is aware, however, I assure you from all of my research and trial preparation that that was not the case. That was not vindictive reindictment adding enhancement paragraphs. That was an option made—an option decided upon by a prior prosecutor, and in speaking with her about the case, it was not for vindictive reasons. As a matter of fact, it was an omission from the very first indictment and should have been charged from the beginning. That's the State's response, Your Honor.

5. This sentence on the reindictment (life), which is harsher than the one appellant received on the original indictment (sixty-five years), does not implicate due-process principles. *See Colten v. Kentucky*, 407 U.S. 104, 112–19, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972).

to show why the two enhancement paragraphs were added?

Was the State allowed to retaliate against the petitioner for availing himself on direct appeal?

Was the petitioner's right under the due process [sic] violated by the use of two enhancement paragraphs on the reindictment?[6]

When a defendant proves "that he was convicted, he appealed and obtained a new trial, and that the State thereafter filed ... additional enhancements," the burden shifts to the prosecution to provide an explanation of the additional enhancements "that is unrelated to the defendant's exercise of his legal right to appeal." *See Neal v. State,* 150 S.W.3d 169, 173–74 (Tex.Cr.App.2004); *see also Blackledge v. Perry,* 417 U.S. 21, 28–29, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). The trial court "decides the issue based upon all of the evidence, pro and con, and the credibility of the prosecutor's explanation." *See Neal,* 150 S.W.3d at 173–74. This is entirely consistent with United States Supreme Court precedent. *See United States v. Goodwin,* 457 U.S. 368, 374, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982) (presumption of vindictiveness may be overcome by objective information justifying the in-

creased sentence); *see also Maddox v. Elzie,* 238 F.3d 437, 446 (D.C.Cir.), *cert. denied,* 534 U.S. 836, 122 S.Ct. 87, 151 L.Ed.2d 49 (2001).

In the instant case, there is a presumption of prosecutorial vindictiveness because the defendant was convicted, he successfully appealed, and the State thereafter filed additional enhancements. However, the trial court was entitled to believe the prosecutor's explanation that the enhancement paragraphs were added to the reindictment because they were "an omission from the very first indictment and should have been charged from the beginning," meaning that their absence from the original indictment was an oversight or a mistake. This objective explanation is "unrelated to [appellant's] exercise of his legal right to appeal,"[7] and is, therefore, sufficient to rebut a presumption of vindictiveness.

Relying on this Court's decision in *Bouie v. State,* appellant claims that the prosecutor did not rebut a presumption of vindictiveness with Bouie's requirement of "identifiable conduct by appellant occurring after the first trial." *See Bouie v. State,* 565 S.W.2d 543, 547 (Tex.Cr.App. 1978).[8] This statement from *Bouie* was

---

6. We answer in the negative the first and third through fifth grounds for review. We dispose of the second ground for review by deciding that appellant was not reindicted for an offense greater than the offense for which he was originally indicted.

7. *See Bordenkircher v. Hayes,* 434 U.S. 357, 363, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978) (emphasizing that due process violation in prosecutorial vindictiveness cases "lay not in the possibility that a defendant might be deterred from the exercise of a legal right" but "rather in the danger that the State might be retaliating against the accused for lawfully attacking his conviction"); *Neal,* 150 S.W.3d at 173–74 (when defendant proves that "he was convicted, he appealed and obtained a

new trial, and that the State thereafter filed a greater charge or additional enhancements[,]" burden shifts to prosecution to [objectively] explain its charging increase "that is unrelated to the defendant's exercise of his legal right to appeal").

8. In relevant part, appellant argues in his brief:

But even if the prosecutor's statement acts as evidence, its content was insufficient to satisfy *Pearce* and its progeny inasmuch as there was nothing that occurred after the sentencing in the first trial that made the enhancements any more available than at the first trial. The enhancements were unconstitutionally utilized at [appellant's] second trial to punish him for appealing his

based on a portion of the United States Supreme Court's decision in *North Carolina v. Pearce* which stated that the reasons for an increased sentence must be based on "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *See North Carolina v. Pearce,* 395 U.S. 711, 726, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

In *Texas v. McCullough,*[9] the Supreme Court rejected a vindictiveness claim. In *McCullough,* the defendant successfully moved for a mistrial after having been convicted and sentenced by a jury. *See McCullough,* 475 U.S. at 135–37, 106 S.Ct. 976. After a jury again convicted the defendant on retrial, the defendant chose to have the trial judge impose sentence and the trial judge imposed a greater sentence than that imposed by the jury in the original trial. *See id.* This increased sentence on retrial was not based on any of the defendant's conduct after the original trial. *See id.* For this reason, a Texas Court of Appeals reluctantly decided that the defendant's increased sentence was invalid under *Pearce. See McCullough,* 475 U.S. at 135–37 and at 144, 106 S.Ct. 976. On petition for discretionary review, this Court apparently agreed. *See id.*[10]

The Supreme Court decided, however, that *Pearce* "was never intended to de-

scribe exhaustively all of the possible circumstances in which a sentence increase could be justified" and that "[r]estricting justifications for a sentence increase to *only* 'events that occurred subsequent to the original sentencing proceedings' could in some circumstances lead to absurd results." *See McCullough,* 475 U.S. at 141, 106 S.Ct. 976 (emphasis in original). Therefore, to the extent that it is inconsistent with *McCullough, Bouie* must be overruled. *See State v. Guzman,* 959 S.W.2d 631, 633–34 (Tex.Cr.App.1998) (this Court required to overrule its federal constitutional decisions that conflict with United States Supreme Court federal constitutional decisions).

■ This disposes of appellant's argument that he presents here in support of his prosecutorial vindictiveness claim. We also note that appellant procedurally defaulted any claim that the prosecution's "mistake or oversight" explanation is factually insufficient to rebut a presumption of prosecutorial vindictiveness because appellant did not make that specific claim in the trial court or in this Court.[11] We further note that some jurisdictions would decide that a "mistake or oversight" explanation is factually sufficient to rebut a presumption of prosecutorial vindictiveness[12] while other jurisdictions would not

---

first conviction and, as such, his sentence should be vacated and he should receive a new trial without the State having the benefit of the enhancement paragraphs.

9.  475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986).

10.  *See also McCullough v. State,* 720 S.W.2d 89, 90–93 (Tex.Cr.App.1983) (op. on reh'g), *rev'd,* 475 U.S. at 144, 106 S.Ct. 976.

11.  *See Reyna v. State,* 168 S.W.3d 173, 176–178 (Tex.Cr.App., 2005) (discussing and applying "party responsibility" concept of error preservation).

12.  *See Hardwick v. Doolittle,* 558 F.2d 292, 301 (5th Cir.1977), *cert. denied,* 434 U.S. 1049, 98 S.Ct. 897, 54 L.Ed.2d 801 (1978) (explanations which would negate prosecutorial vindictiveness could include "mistake or oversight in the initial action"); *but see United States v. Krezdorn,* 718 F.2d 1360, 1365 (5th Cir.1983), *cert. denied,* 465 U.S. 1066, 104 S.Ct. 1416, 79 L.Ed.2d 742 (1984) (suggesting that "mistake or oversight in the initial action" may defeat a presumption of vindictiveness but would not be sufficient once a presumption of vindictiveness arises); *but then see United States v. Doran,* 882 F.2d 1511, 1523 n. 6 (10th Cir.1989) (noting that "as a conceptual matter it may be cleaner to

so decide.[13] The former treat a "mistake or oversight" explanation as an "objective" explanation [14] while the latter treat it as a "subjective" explanation.[15] This is an important distinction because an objective explanation is required. *See Neal,* 150 S.W.3d at 174 (requiring objective evidence to rebut presumption of vindictiveness).

We decide that a "mistake or oversight" explanation is an "objective explanation" that may be sufficient to rebut a presumption of prosecutorial vindictiveness especially when as here, a prosecutor does not merely deny his state of mind was motivated by vindictiveness. *Cf. Batson v. Kentucky,* 476 U.S. 79, 98–99, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) (prosecutor cannot satisfy obligation to provide race-neutral explanation for peremptory strike "merely by denying that he had a discriminatory motive"). Further there was no indication that the oversight explanation was influenced by emotion or personal opinion.[16]

The judgment of the Court of Appeals is affirmed.

MEYERS, J., filed a dissenting opinion.

PRICE, J., filed a dissenting opinion in which JOHNSON, J., joined.

WOMACK, J., not participating.

MEYERS, J., dissenting.

While there is no standard set forth that the State must meet in order to overcome the presumption that its actions were vindictive, it appears that the State just had to show by a preponderance of the evidence that the enhancements were not vindictively added to the second indictment. This is not strong enough. It should at least require clear and convincing evidence to overcome a presumption. To me, "We

---

only consider the prosecutor's explanation for the new charges as rebuttal to a presumption of vindictiveness. As a practical matter, however, it would be a mere artifice not to consider explanations at the presumption stage which are readily evident from the objective sequence of proceedings leading to the added charge"); *also see United States v. Walker,* 514 F.Supp. 294, 312–25 (E.D. Louisiana 1981) (describing history of prosecutorial vindictiveness jurisprudence and Fifth Circuit's application of it).

*Also see United States v. Taylor,* 749 F.2d 1511, 1514 (11th Cir.1985) ("mistake or oversight" is sufficient explanation); *United States v. Mahdi,* 777 A.2d 814, 821 (D.C.Ct.App. 2001) ("administrative error" is sufficient explanation); *Harris v. State,* 481 N.E.2d 382, 385 (Ind.1985) (suggesting that "honest mistake" is sufficient explanation).

**13.** *See United States v. Motley,* 655 F.2d 186, 189–90 (9th Cir.1981) ("carelessness" is insufficient explanation); *United States v. Andrews,* 633 F.2d 449, 456 (6th Cir.1980), *cert. denied,* 450 U.S. 927, 101 S.Ct. 1382, 67 L.Ed.2d 358 (1981) (only objective, not subjective good faith, explanations are sufficient and prosecutor's explanation that "she made

a mistake is not, by itself, sufficient to rebut"); *Gardner v. State,* 332 Ark. 33, 963 S.W.2d 590, 597 (1998) (prosecutor's explanation that she made a "mistake" is not an "objective explanation" for her actions).

**14.** Webster's II New College Dictionary defines the term "objective" as, among other things, "[h]aving actual existence or reality" or "[u]ninfluenced by emotion, surmise, or personal opinion." *See Webster's II New College Dictionary* 755 (1995).

**15.** Webster's II New College Dictionary defines the term "subjective" as, among other things, "[o]f, produced by, or resulting from an individual's mind or state of mind" or "[e]xisting only in the mind." *See Webster's II New College Dictionary* 1098 (1995).

**16.** We also note that a "we forgot" explanation does not rise to the definition of "vindictive." *See Webster's II New College Dictionary* 1232 (defining "vindictive" as "[i]nclined to seek revenge" or "revengeful" or "[m]eant to cause pain or harm" or "spiteful"). While some might consider a "we forgot" explanation to be "lame," "lame" is not the same as these definitions of "vindictive."

forgot" doesn't quite get there when we presume that the enhancement paragraphs were vindictively added to the second indictment because the first conviction was reversed on appeal. The State's excuse sounds a lot like "the dog ate my homework" and the trial court should not have "unpresumed" with this lame excuse. Therefore, I respectfully dissent.

PRICE, J., dissenting in which JOHNSON, J., joined.

The majority concludes, without analysis, that the State did not vindictively add enhancement paragraphs after the appellant had his prior conviction reversed on appeal. As a result, I dissent.

The majority uses *Texas v. McCullough*[1] to conclude that the State rebutted the presumption that the State acted vindictively in adding enhancement allegations when the appellant was re-indicted after successfully having his prior conviction reversed. Although *McCullough* generally stands for the proposition that events that occur after the initial sentencing are not the only factors that can rebut a presumption of vindictiveness,[2] the facts of *McCullough* are drastically different from the facts of the instant case.

In *McCullough*, the defendant was first sentenced by a jury. The trial court granted a new trial, and the defendant went to the judge for sentencing (the same judge who granted the motion for new trial). On retrial, the State produced more evidence, including the facts that the defendant was actually the shooter in the offense and that the defendant had been out of prison for only four months when he committed the offense. The Supreme Court simply held that the reason for an increase in punishment resulting from a retrial need not have arisen *after* the first sentencing.[3]

In the case before us now, the State added enhancements to an indictment after the court of appeals had reversed the prior conviction. The State's reason: we simply forgot to do it the first time. This is not even remotely like *McCullough*.

The majority opinion notes that some jurisdictions have chosen to accept the excuse, "we forgot," as a legitimate reason for increasing the stakes in a criminal case on retrial. It also notes that some jurisdictions have chosen not to accept "we forgot." It then simply adopts that former, without any analysis whatsoever.

Because the majority provides no analysis for its conclusion, I must dissent.

---

**1.** 475 U.S. 134, 135–37, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986).

