IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,167






EX PARTE CARL EDDIE MILLER, Applicant





ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1010226-A IN THE 299TH JUDICIAL DISTRICT COURT

FROM TRAVIS COUNTY





 Johnson, J., delivered the opinion of the Court in which Price, Womack,
Holcomb, and Cochran, JJ., joined. Keasler, J., filed a dissenting opinion in
which Keller, P.J., and Hervey, J., joined. Meyers, J., did not participate.


O P I N I O N O N R E H E A R I N G


 We granted rehearing to address the state's assertions that the Court erred in its opinion on
original submission. 

 1) The Court erred by imposing unwarranted limitations on the State's ability to rebut
the Pearce (1) presumption of vindictiveness with evidence of conduct predating the
first punishment hearing.

 2) The Pearce presumption of vindictiveness may be rebutted by evidence of conduct
predating the first punishment hearing.

 3) Case law relating to prosecutorial vindictiveness is inapplicable here.

 4) The State should not have been required to present evidence justifying an increase
in the sentence.


 We affirm our earlier holding on original submission. Applicant is entitled to a new appeal
challenging the sufficiency of the evidence to support his thirty-year sentence. Should applicant
desire to prosecute an appeal, he must take affirmative steps to see that notice of appeal is given
within thirty days after the date the mandate of this Court has issued. All other requested relief is
denied.

Facts

 Applicant, Carl Eddie Miller, was charged with murder for the stabbing death of Terry
Burleson. Based on two prior convictions, the state sought to enhance applicant's sentence under
the habitual-offender statute, Tex. Penal Code § 12.42. However, while the state had provided
evidence of the two convictions, the state failed to provide evidence that the act giving rise to the
second conviction occurred after the first conviction was final, as required by the habitual-offender
statute. Tex. Penal Code § 12.42.

 The jury convicted applicant of murder. The trial judge found that the habitual-offender
enhancement was true and sentenced applicant to thirty years in prison. Applicant's appellate
counsel failed to challenge the sufficiency of the evidence to prove that applicant was subject to
sentencing as a habitual offender, and the court of appeals affirmed the conviction. 

 More than five years later, applicant filed an application for post-conviction writ of habeas
corpus in the trial court, claiming that both trial counsel and appellate counsel had provided
ineffective assistance of counsel. He asserted ineffectiveness by appellate counsel for failing to raise
insufficiency of the evidence to support the habitual-offender enhancement. The habeas court held
a hearing, at which trial counsel testified that the prior convictions were in the required sequence,
and the state offered an offense report that confirmed that the prior convictions satisfied the required
sequence. After that hearing, the habeas court made a specific, undisputed factual finding that
appellate counsel had provided ineffective assistance because "[a]ppellate counsel did not contest
the legality of applicant's sentence." Ex parte Miller, supra at *31. 

 We denied relief on applicant's claim of ineffective assistance of trial counsel but, based
upon the habeas judge's factual findings and the applicable law, we concluded that applicant is
entitled to relief on his claim of ineffective assistance of appellate counsel. The issue was not
whether the state could have proved proper sequence at trial, but whether it, in fact, did so. Finding
that the state did not so prove during trial, we granted relief on that claim and held that applicant is
entitled to a new appeal to challenge the sufficiency of evidence to support his thirty-year sentence. 
 Finding, as did the habeas court on the issue of proper sequencing of prior offenses, that
appellant would necessarily prevail in the court of appeals, we noted that, while a retrial for
punishment could result in a reduced sentence, such retrial could not result in a greater sentence
because of the presumption of judicial vindictiveness that would have then arisen. Because of that
presumption, appellate counsel was ineffective by failing to raise that issue on appeal. (2) We followed
our precedent that, in order to refute a presumption of judicial vindictiveness in a new punishment
hearing, the state must present new evidence that would justify an increased sentence: "the trial judge
could not sentence applicant to a greater term of years after a successful appeal unless there was
objective evidence in the record to support an increased sentence." Ex parte Miller, ___ S.W.3d ___,
___, 2009 Tex. Crim. App. LEXIS 1486, *39 (Tex. Crim. App. 2009)(opinion on original
submission). We also pointed out that a trial judge may increase a defendant's prior sentence on
remand following an appellate reversal of his original sentence after a full trial if the increase is
based on (1) conduct occurring after the first sentence was imposed or (2) new evidence of which
the state was unaware and could not, with the exercise of due diligence, have offered at the first
sentencing hearing. If, after a successful appeal and reversal, the state did not offer evidence at a
new punishment hearing of such post-sentencing bad conduct or any other evidence supporting an
increase in the sentence, the well-settled doctrine of "judicial vindictiveness" would have precluded
the trial judge from sentencing applicant to a greater term of years. Id. at *38-39, ___ S.W.3d at ___.

Arguments of the State on Rehearing The state contends that applicant's appellate attorney, Mr. Kohler, had a strategic reason for
not challenging the sufficiency of the evidence supporting the second prior conviction and argues
that, because the sentence of 30 years' imprisonment was on the lower end of the punishment range
for habitual offenders, Mr. Kohler may not have wanted to challenge the judgment for fear that the
court would increase the sentence following a retrial for punishment. 

 The state asserts that, in fact, the sentence could have been increased and that requiring the
state to submit evidence that would justify an increased sentence improperly shifts the burden of
disproving the issue of ineffective assistance of counsel to the state. Additionally, it asserts that,
even if such proof were necessary, evidence sufficient to justify an increased sentence should not
have been limited to evidence of conduct arising after the first punishment hearing. The state further
argues that cases relating to prosecutorial vindictiveness do not apply to this case.

AnalysisThe Pearce presumption of vindictiveness may be rebutted by evidence 

of conduct predating the first punishment hearing


 The state is correct in stating that it may rebut a presumption of judicial vindictiveness with
evidence predating the first punishment hearing, but not all such evidence may be used. See Pearce
at 726; Hood v. State, 185 S.W.3d 445, 448-50 (Tex. Crim. App. 2006). Our original holding in this
case acknowledged that a trial court may increase a defendant's prior sentence on remand after an
appellate reversal of his original sentence if "new evidence of which the State was unaware and
could not, with the exercise of due diligence, have offered at the first sentencing hearing" was
presented to it. Ex parte Miller, supra at *38. (3) Our original opinion did not limit evidence to
conduct arising after the first punishment hearing; it set out the conditions under which evidence that
predates the first punishment hearing may be used at a subsequent punishment hearing. If evidence
of other wrong-doing was known to the state at the time of the original sentencing, or could have
been discovered with the exercise of due diligence, it may not be used as the basis for increasing a
sentence after a successful appeal. To allow such known, but unoffered, evidence to be used at a
later proceeding to increase a sentence would permit the state to "lie behind the log." Thus, under
our precedent, at retrial proof of the required sequence of the prior convictions could be used to
establish habitual-offender status, but not to increase the original sentence, as the sequence of the
convictions was easily established and was known to the state and its agent, the prison system, at the
time of the first punishment hearing.

The Court erred by imposing unwarranted limitations on the state's

ability to rebut the Pearce presumption of vindictiveness with 

evidence of conduct predating the first punishment hearing


 The state contests the limitation that the evidence must be evidence of which the state was
unaware and which could not have been offered at the first sentencing hearing. It maintains that any
new objective information that would justify an increased sentence may be used to refute a
presumption of judicial vindictiveness. However, if information was available to the state at the time
of the original trial, it is not "new."

 In Texas v. McCullough, the Supreme Court of the United States used a broad standard,
determining that "[n]othing in the Constitution requires a judge to ignore 'objective information .
. . justifying the increased sentence.'" Texas v. McCullough, 475 U.S. 134, 142 (1986) (citing United
States v. Goodwin, 457 U.S. 368, 374 (1982)). Furthermore, in McCullough the Supreme Court 
noted that an increased sentence was justified by the fact that, on rehearing, the judge was made
aware that McCullough had committed the murder just four months after being released from prison.
Id. at 144. That information was not presented to the original sentencing jury. Id. (4)

 We find no reason to alter our holding on original submission, as the state was under no
limitation in the initial punishment hearing nor did we impose limitations on the evidence the state
could present on remand. Because dates of release from prison are readily available to the state, the
state should have been aware of that evidence or could have, with the exercise of due diligence prior
to the trial, obtained and presented it. At no point during the trial did the state present any evidence
that would refute a claim that the sequence of the alleged prior convictions did not satisfy the
applicable statute. Thus, such evidence may not be used to justify an increased sentence at a new
punishment hearing.

Case law relating to prosecutorial vindictiveness is inapplicable here

 We cited the prosecutorial-vindictiveness cases and post-appeal cases to the extent that they
also apply Pearce and restate general principles of pre-existing law applicable to this case. We note
that we did not rely on the cases complained of, Hood v. State, 185 S.W.3d 445 (Tex. Crim. App.
2006), and Neal v. State, 150 S.W.3d 169 (Tex. Crim. App. 2004), which were cited only in
footnotes in order to set out the state's burden of proof after a reversal on appeal. The cases in
question were not misapplied in this case.

The state should not have been required to present 

evidence justifying an increase in the sentence


 The main issue in this motion for rehearing is whether an increased sentence could result
from a retrial on punishment only. If it could result in an increased sentence, then the state is entitled
to the strong presumption that applicant's appellate attorney was exercising strategic judgment in
failing to raise sufficiency as to the habitual-offender enhancement. However, an increased sentence
is barred by the presumption of judicial vindictiveness if the case will be heard by the same judge
on remand. See McCullough, 475 U.S. at 140 n.3. As with any presumption, the opponent of the
presumption bears the burden of rebutting it. See e.g., Ocon v. State, 284 S.W.3d 880 (Tex. Crim.
App. 2009)("Second, if a violation of the statute is shown, then harm is presumed, and the State
bears the burden of rebutting that presumption."); Fletcher v. State, 214 S.W.3d 5 (Tex. Crim. App.
2007)("We will not permit the State to relieve its burden by requesting that a court of appeals take
judicial notice of a mandate . . . where the State had the opportunity to introduce that mandate at the
punishment phase. To do so would not only deprive a defendant of the opportunity to rebut the
State's evidence, but would also allow the State to circumvent its burden at trial.") Unless the
presumption of judicial vindictiveness is refuted by additional evidence, an increased sentence
cannot result from a retrial on punishment only, and therefore the appellate attorney committed error
by failing to raise the issue of the insufficiency of the evidence of the required sequence of the
alleged prior convictions. Jackson v. State, 766 S.W.2d 518 (Tex. Crim. App. 1988)(modified on
other grounds on remand from U.S. Supreme Court, Jackson v. State, 766 S.W.2d 518 (Tex. Crim.
App. 1988)); Ex parte Felton, 815 S.W.2d 733 (Tex. Crim. App. 1991)(failure to challenge void
prior conviction used to enhance punishment rendered counsel ineffective). Again, the issue is not
whether trial counsel or appellate counsel knew that the state could prove the required sequence; the
issue was whether the state did, in fact, prove the required sequence.

 The presumption of judicial vindictiveness "derives from the judge's 'personal stake in the
prior conviction[.]'" McCullough, 475 U.S. at 140 n.3 (quoting Chaffin v. Stynchcombe, 412 U.S.
17, 27 (1973)). Generally, a defendant is not entitled to the Pearce presumption of vindictiveness
if the subsequent sentence is assessed by a different judge. Jackson v. State, 766 S.W.2d at 521;
Washington v. State, 127 S.W.3d 197, 205 (Tex. App.-Houston [1st Dist.] 2003, pet. dism'd). But
in Bingham v. State, 523 S.W.2d 948, 949 (Tex. Crim. App. 1975), we applied the presumption of
vindictiveness because a different judge, who was aware of the prior proceedings and knew of the
previously assessed punishment, assessed a longer sentence. Vindictiveness of a sentencing judge
is what is to be prevented, not justifiably increased sentences after a new trial. McCullough, supra
at 138. 

 But even "[w]here the prophylactic rule of Pearce does not apply, the defendant may still
obtain relief if he can show actual vindictiveness upon resentencing." Id. (citing Wasman v. United
States, 468 U.S. 559, 569 (1984)). "[W]here the presumption applies, the sentencing authority or the
prosecutor must rebut the presumption that an increased sentence or charge resulted from
vindictiveness; where the presumption does not apply, the defendant must affirmatively prove actual
vindictiveness." Wasman v. United States, 468 U.S. at 569. In light of that presumption, the state
must disprove the presumption of judicial vindictiveness either by providing proof that a different,
uninvolved judge will hear the case on remand or by providing proof of "new objective information"
sufficient to justify an increased sentence.

Holding As we said on original submission, applicant's appellate counsel was ineffective because he
did not raise a claim that would have, at the least, resulted in a retrial on punishment with the
possibility of a lesser sentence and no possibility of a greater sentence. The possibility of a greater
sentence is barred by the presumption of judicial vindictiveness. In order to rebut that presumption,
the state must introduce new objective information, from before or after the original punishment
hearing, that would justify an increased sentence. "New" means evidence that was unknown to the
state at the time of the first punishment hearing and that could not have been discovered by the state
using due diligence at that time. Alternatively, the state could offer evidence that the case would not
be heard by the same judge on remand. (5) When it does neither, the presumption of judicial
vindictiveness remains.

 We affirm our holding on original submission. Applicant is entitled to an out-of-time appeal
of the sufficiency of the evidence to support his thirty-year sentence. Should applicant desire to
prosecute an appeal, he must take affirmative steps to see that notice of appeal is given within thirty
days after the mandate of this Court has issued. All other requested relief is denied.


Delivered: September 22, 2010

Publish
1. North Carolina v. Pearce, 375 U.S. 711 (1969).
2. Trial counsel was not ineffective, even though he knew that the sequence of the priors was proper. If he
had objected at trial, the state would have remedied that lack of proof. 
3. One such circumstance might be when the state discovers, after the first trial, that the defendant has a
criminal record under a different name in another state.
4. We note that the original sentencer in McCullough was the jury. The second sentence was assessed by
the judge. The Supreme Court found that the Pearce presumption was "inapplicable because different sentencers
assessed the varying sentences that McCullough received. In such circumstances, a sentence 'increase' cannot truly
be said to have taken place." McCullough, at 475 U.S. 140. The original sentencer here was the judge. 
5. In this case, this option is easily elected, as the judge who occupied the bench in 2001 retired in 2006, and
the current judge will leave office at the end of his term in December, 2010.