

# NUMBER 13-24-00054-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

EZEKIEL RAMIREZ,                                                      **Appellant,**

**v.**

THE STATE OF TEXAS,                                                     **Appellee.**

## ON APPEAL FROM THE 347TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron
Memorandum Opinion by Justice Cron**

Appellant Ezekiel Ramirez pleaded guilty to murder and was sentenced to fifty years' imprisonment. *See* TEX. PENAL CODE ANN. § 19.02(c). By one issue, Ramirez argues that the trial court erred by denying his motion to dismiss based on prosecutorial

vindictiveness.[1] We affirm.

## I.  BACKGROUND

On August 26, 2021, Ramirez was indicted on one count of murder (Count 1), one count of injury to a child causing serious bodily injury (Count 2), and one count of injury to a child causing serious bodily injury by omission (Count 3). *See id.* §§ 19.02(c), 22.04(c), (e). The record shows trial was set at least ten times to include an August 28, 2023 setting. On August 28, the day of trial, Ramirez filed a continuance due to his trial counsel falling ill, and the case was reset to January 22, 2024.

Seventeen days later, on September 14, 2023, the State reindicted Ramirez adding one count of capital murder of an individual under ten years old,[2] *see id.* § 19.03(a)(8), and he was later re-arraigned. The State subsequently filed a notice stating it did not intend to seek the death penalty against Ramirez. Three days shy of the January 22, 2024 trial setting, Ramirez filed a motion to dismiss for prosecutorial vindictiveness in which he focused on the timing of the reindictment (i.e., when it was filed) and the State's purported lack of a reason to justify its decision to reindict Ramirez. The State responded

---

[1] We note that in Ramirez's brief under his issues presented section, *see* TEX. R. APP. P. 38.1(f), he states his issue as: "Whether the trial court erred by denying the motion to dismiss based on judicial vindictiveness." However, it is clear from the remaining portion of his brief, and our review of the record, that his issue relates to prosecutorial vindictiveness, not judicial vindictiveness. *See* TEX. R. APP. P. 38.9; *see generally Caballero v. State*, No. 13-22-00183-CR, 2024 WL 484698, at *5 n.3 (Tex. App.—Corpus Christi–Edinburg Feb. 8, 2024, no pet.) (mem. op., not designated for publication) ("Though Caballero uses the term 'judicial vindictiveness' in his brief, his argument regards actions by the State and not the trial court. Accordingly, we construe Caballero's claim that his counsel was ineffective for failing to object to prosecutorial vindictiveness.").

[2] We observe that the State also split the previously indicted murder count (Count Two) into two separate paragraphs and added a deadly weapon allegation in each paragraph. However, we refer to the capital murder count throughout this memorandum opinion because Ramirez focused his complaint there.

in opposition. Prior to the commencement of trial, the trial court heard the motion.[3]

Ramirez argued in pertinent part that the case had been pending for almost "two and a half" years and had been "set seven times." And two weeks after the last trial setting, the State filed an additional count of capital murder. Further, Ramirez asserted that the State reindicted him at a time "when the defense came closest to going to trial," and "he was serious about rejecting a plea and going to trial[.]" Elaborating, he asserted "the State indicted him [for capital murder] after . . . two years . . . [or] more than 800 days at the time[.]" Additionally, Ramirez argued that the State reindicted him without additional evidence and when the prosecutor at his re-arraignment hearing was asked whether additional evidence existed to warrant the reindictment she stated, "no, there's no additional evidence; we just reviewed the evidence that was there and decided that we had justification for enhancing the previous charge."

The State responded in relevant part that after the prosecutor's return to the case "on or about July of [2023]" she "resumed working on [it] . . . in preparation for the August 28 trial." Further, in distinguishing a case cited by Ramirez, *State v. Gabaldon*, 661 S.W.3d 558 (Tex. App.—El Paso June 14, 2023, pet. granted), she explained "that the State was ready to stand trial and only reindicted after defense asked for his continuance[.]" Additionally, the State explained, "It wasn't until we had a long four-month reset that the State was able to talk to witnesses, reevaluate evidence, and really have that extra time to get prepared that then it became obvious that the capital murder and reindictment was appropriate at that point."

---

[3] We note that the summarized argument from the parties on Ramirez's motion to dismiss included argument from two attorneys on each side but for brevity we have not listed each. Rather, we refer to the arguments made by party name, Ramirez or State, as applicable.

On rebuttal, Ramirez clarified that the "constitutional right he was exercising [was] his right to go to trial . . . and the record's clear that there were seven settings" and that but for Ramirez's counsel falling ill, there would have been a trial. "So it was clear to the State at that point that . . . Ramirez was intent on going to trial, and two weeks later . . . he's [re]indicted." Additionally, Ramirez argued that the prosecutor that returned to "the case in July . . . was already involved at the . . . last trial setting," so "it's clear that . . . there's a presumption case—this is a presumption—we're not saying it's vindictiveness, actual vindictiveness[.]" Clarifying further, Ramirez stated, "We're not saying the second prong applies. Nobody is accusing them—Nobody is saying there is direct evidence. We're just saying under *Neal*, the first prong, what we have established [is] that there is a timeline, and that's what happened in *Gabaldon*." In a final remark on rebuttal, Ramirez argued that

> [T]he issue we are concerned with is no additional evidence was available and still the [S]tate enhanced their indictment from murder to capital murder; there's no justification for that. That evidence—the first indictment was over a year before the second superseding enhanced indictment, and that's evidence of some type of vindictiveness to . . . you haven't taken this plea, we're going to make things more difficult for you, to pressure him into accepting a plea that he does not want to accept.

The trial court denied Ramirez's motion to dismiss stating, among other things, that "the Court understands the argument, and I think [the State] . . . indicated also that at that time, . . . during that—that period of time there [were] chances to go back to speak with witnesses, review things." After voir dire proceedings began, Ramirez elected to plea, and he pleaded guilty to murder.[4] He now brings this limited appeal. *See* TEX. R. APP. P.

---

[4] The record shows Ramirez pleaded to count two, paragraph one (murder), of the reindictment, and the State dismissed count one (capital murder), count two, paragraph two (murder), count three (injury

4

25.2(a)(2).

## II. STANDARD OF REVIEW & APPLICABLE LAW

Dismissal of an indictment is a drastic remedy that should only be used in the most extraordinary cases. *State v. Mungia*, 119 S.W.3d 814, 817 (Tex. Crim. App. 2003); *see also Ex parte Hilliard*, No. 08-22-00179-CR, 2023 WL 4678675, at *3 (Tex. App.—El Paso July 21, 2023, no pet.) (op., not designated for publication) ("We review a claim of prosecutorial vindictiveness for an abuse of discretion." (citation omitted)); *Gonzales v. State*, No. 03-19-00754-CR, 2021 WL 1537464, at *12 (Tex. App.—Austin April 20, 2021, no pet.) (mem. op., not designated for publication) (citations omitted) (same); *Kinney v. State*, No. 13-16-00529-CR, 2017 WL 3084290, at *1 (Tex. App.—Corpus Christi–Edinburg July 20, 2017, pet. ref'd) (mem. op., not designated for publication) (stating that "[w]e review an allegation of prosecutorial misconduct on a case-by-case basis" when analyzing a claim of prosecutorial vindictiveness).

"To punish a person because he has done what the law plainly allows him to do is a due process violation 'of the most basic sort.'" *U.S. v. Goodwin*, 457 U.S. 368, 372 (1982) (citing *Bordenkircher v. Hayes*, 434 U.S. 357, 372 (1978)). Texas and federal courts recognize that prosecutors have broad discretion in deciding which cases to prosecute. *Neal v. State*, 150 S.W.3d 169, 173 (Tex. Crim. App. 2004). "Courts must presume that a criminal prosecution is undertaken in good faith and in nondiscriminatory fashion to fulfill the State's duty to bring violators to justice." *Id.* But, a decision to prosecute violates due process when criminal charges are brought in retaliation for the

---

to a child causing serious bodily injury), and count four (injury to a child causing serious bodily injury by omission).

5

defendant's exercise of his legal rights. *Id.* "Therefore, the Supreme Court has held, that, under specific, limited circumstances, the presumption that a prosecution is undertaken in good faith gives way to either a rebuttable presumption of prosecutorial vindictiveness or proof of actual vindictiveness." *Id.* A constitutional claim of prosecutorial vindictiveness may be established by:

> (1) proof of circumstances that pose a "realistic likelihood" of such misconduct sufficient to raise a "presumption of prosecutorial vindictiveness," which the State must rebut or face dismissal of the charges; or (2) proof of "actual vindictiveness"—that is, direct evidence that the prosecutor's charging decision is an unjustifiable penalty resulting solely from the defendant's exercise of a protected legal right.

*Id.*

"In the very few situations" in which the presumption applies, "it can be overcome by objective evidence in the record justifying the prosecutor's action." *Id.* at 173–74; *see also Ex parte Hilliard*, 2023 WL 4678675, at *4 ("The presumption of vindictiveness prong rarely applies outside the context of a prior conviction, a successful appeal, and post-appeal enhanced charging decision." (citation omitted)). "Under either prong, "if the defendant is unable to prove actual vindictiveness or a realistic likelihood of vindictiveness, a trial court need not reach the issue of government justification." *Neal*, 150 S.W.3d at 175 (quotation omitted). The State may stand mute unless and until the defendant carries his burden of proof under either prong. *Id.* "The trial court decides the issue based upon all of the evidence, pro and con, and the credibility of the prosecutor's explanations." *Id.* at 174 (citations omitted).

### III.    NO PROSECUTORIAL VINDICTIVENESS

As we understand it, Ramirez argues a presumption of prosecutorial vindictiveness

applies given the timing of the reindictment's filing. *See* TEX. R. APP. P. 38.9; *see also Ex parte Hilliard*, 2023 WL 4678675, at *3 (interpreting appellant's complaint liberally). In other words, he contends the sequence of events in this case warrants applying a presumption of prosecutorial vindictiveness. In detail, Ramirez asserts that the State chose to reindict him on a capital murder charge without additional evidence two years after his original indictment and approximately two weeks after his last trial setting.[5] Additionally, Ramirez contends that the State failed to present evidence to rebut a claim of prosecutorial vindictiveness.

The State responds that a presumption does not apply to these circumstances, and even if it did, the representations by the prosecutors rebutted any claim of vindictiveness.[6]

At the outset, Ramirez has not proven a recognized situation in which a

---

[5] It also appears on appeal that Ramirez is arguing a presumption of prosecutorial vindictiveness applies because he "has a constitutional right to effective counsel under the sixth amendment." But this argument was never made at the trial level, and thus it has not been preserved. *See* TEX. R. APP. P. 33.1; *see also Caballero*, 2024 WL 484698, at *5 (applying Texas Rule of Appellate Procedure 33.1 to conclude appellate failed to preserve his claim of prosecutorial vindictiveness). Indeed, we observe that one of his attorneys at the motion to dismiss hearing, specifically, stated that the "constitutional right he was exercising [was] his right to go to trial[.]" And even to the extent we construed this argument made at the trial level, we conclude it is inadequately briefed, as there is no caselaw, statute, rule, or other similar legal authority to aid us in understanding the argument in this section. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Ex parte Hilliard*, No. 08-22-00179-CR, 2023 WL 4578675, at *5 (Tex. App.—El Paso, July 21, 2023, no pet.) (op., not designated for publication) ("Even if we were to interpret Hilliard's second argument liberally, his brief fails to develop an argument or cite to authority addressing a double-jeopardy analysis." (citation omitted)). The two citations made in this section of his brief are to documents in the clerk's record, namely, Ramirez's motion for continuance filed stamped on August 28, 2023, and his reindictment.

[6] With reliance on one case, *Neal v. State*, the State initially responds that Ramirez failed to timely raise his prosecutorial vindictiveness complaint because he filed his motion to dismiss three days prior to trial despite having knowledge by at least the re-arraignment hearing that the re-indictment was made "without any new evidence[.]" *See* 150 S.W.3d 169, 174–76 (Tex. 2004). But, we are not persuaded by this argument because the appellant in *Neal*, unlike here, never filed a motion to dismiss the indictment based on a claim of prosecutorial vindictiveness. *See id.* at 175 ("[A]ppellant never filed a motion to dismiss or quash the indictment based on a claim of prosecutorial vindictiveness."). As such, we do not agree that Ramirez forfeited his right to challenge the denial of his motion to dismiss for prosecutorial vindictiveness.

7

presumption of prosecutorial vindictiveness applies. *See Hood v. State*, 185 S.W.3d 445, 448 (Tex. Crim. App. 2006) ("In the instant case, there is a presumption of prosecutorial vindictiveness because the defendant was convicted, he successfully appealed, and the State thereafter filed additional enhancements."); *Neal*, 150 S.W.3d at 173 ("Under the first prong, if the State pursues increased charges or an enhanced sentence after a defendant is convicted, exercises his legal right to appeal, and obtains a new trial, the Supreme Court has found a presumption of prosecutorial vindictiveness.") (first citing *Blackledge v. Perry*, 417 U.S. 21 (1974); and then citing *Goodwin*, 457 U.S. at 381); *see also Caballero v. State*, No. 13-22-00183-CR, 2024 WL 484698, at *7 (Tex. App.—Corpus Christi–Edinburg Feb. 8, 2024, no pet.) (mem. op., not designated for publication) (citations omitted) (same); *Waldrup v. State*, No. 09-21-00154-CR, 2023 WL 5949436, at *20 (Tex. App.—Beaumont Sept. 13, 2023, pet ref'd) (mem. op., not designated for publication) (citation omitted) (same). Instead, the record shows the State reindicted Ramirez before he was tried—i.e., pre-trial. *See generally Goodwin*, 457 U.S. at 382 ("There is good reason to be cautious before adopting an inflexible presumption of prosecutorial vindictiveness in a pre-trial setting."). Nevertheless, and as detailed below, even assuming, the State did as Ramirez alleged, we conclude that the trial court did not err in denying Ramirez's motion.

While it is undisputed that the State had no additional evidence to reindict Ramirez, he has not complained that the State lacked probable cause to believe he committed a capital murder offense, and the State retains considerable discretion to bring any charge supported by the evidence at the pre-trial stage of the proceedings. *See id*. ("A prosecutor should remain free before trial to exercise the broad discretion entrusted to him to

8

determine the extent of the societal interest in prosecution. An initial decision should not freeze future conduct. As we made clear in *Bordenkircher*, the initial charges filed by a prosecutor may not reflect the extent to which an individual is legitimately subject to prosecution."); *Bordenkircher*, 434 U.S. at 364 ("[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion."); *see also Schmude v. State*, No. 13-12-00320-CR, 2014 WL 3926749, at *7 (Tex. App.—Corpus Christi–Edinburg May 29, 2014, pet ref'd) (mem. op., not designated for publication) (declining to conclude a presumption of prosecutorial vindictiveness was raised by appellant after reasoning, among other things, that the "[a]ppellant d[id] not dispute that the State had probable cause to believe that he committed a tampering offense, and at the stage of the proceedings about which appellant complains [i.e., pre-trial], the prosecutor still retained considerable discretion to bring any charge supported by the evidence." (citations omitted)).

Moreover, even assuming Ramirez was willing to go to trial but for his counsel falling ill, such a decision forcing the State to prove its case would be insufficient to warrant a presumption that the subsequent changes in the reindictment were unwarranted. *See Woodson v. State,* 777 S.W.2d 525, 529 (Tex. App.—Corpus Christi–Edinburg August 31, 1989, pet. ref'd) ("[T]he mere fact that a defendant refuses to plead guilty and forces the government to prove its case is insufficient to warrant a presumption that subsequent changes in the charging instrument are unwarranted." (citation omitted)); *see generally Crawford v. State*, Nos. 07-24-00195-CR, 07-24-00196-CR, 2025 WL 1272831, at *2 (Tex. App.—Amarillo May 1, 2025, pet ref'd) (mem. op., not designated

9

for publication) ("A prosecutor's alleged threat to increase charges should a plea bargain be rejected and a party demand trial does not constitute prosecutorial vindictiveness.").

That said, even if the presumption applies and the burden shifted to the State, the State provided an explanation that the record supports. *See Sterling v. State,* 791 S.W.2d 274, 278 (Tex. App.—Corpus Christi–Edinburg May 24, 1990, pet ref'd) ("A presumption of vindictiveness . . . may be overcome by specific findings or objective information."); *see also Gonzales*, 2021 WL 1537464, at *11 ("When the presumption applies, 'it can be overcome by objective evidence in the record justifying the prosector's action.'") (citing *Neal*, 150 S.W.3d at 174); *cf. Delgado v. State*, No. 13-07-00382-CR (Tex. App.—Corpus Christi–Edinburg June 4, 2009) (mem. op., not designated for publication) ("A subjective denial by the prosecution that a vindictive motive was present is insufficient to rebut the presumption.") (citing *Hood*, 185 S.W.3d at 450).

Specifically, the State explained at the hearing on Ramirez's motion to dismiss that "[i]t wasn't until we had a long four-month reset that the State was able to talk to witnesses, re-evaluate evidence, and really have the extra time to get prepared that then it became obvious that the capital murder and reindictment was appropriate at that point." And while our review of the record leading up to the August 28 trial setting does not show a "long four-month reset," it does reveal an approximate six-week window of time in which the State could have "talk[ed] to witnesses [and] reevaluate[d] evidence" while it "g[o]t prepared" for trial. Of note, we observe applications for subpoenas from the State in the record filed in August of 2023 for the August 28 trial setting. The record thus supports the trial court's decision to find the State's explanation—that the decision to reindict stemmed from its trial preparation—credible. *See Goodwin*, 457 U.S. at 381 ("In the course of

10

preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution or he simply may come to realize that information possessed by the State has broader significance.").

Finally, to the extent Ramirez likens his case to *State v. Gabaldon*, in the presumption of prosecutorial vindictiveness context, we find it both factually and legally distinguishable. 661 S.W.3d at 558. Factually, in *Gabaldon*, the State moved for a continuance of the trial date to which the appellant objected to and asked for a dismissal. *See id*. at 561. A hearing was held on these motions and "after being informed [the State's] motion for continuance was likely to be denied, the State told the trial court it was going to ask a grand jury to reindict [the appellant] for capital murder." *See id.* at 562. The next day, appellant was reindicted for capital murder. *See id.* One day later, the State amended its motion for continuance "stating that because of the reindictment it 'needs additional time to determine whether to seek the death penalty[.]'" *Id.* The trial court orally denied the State's motion and left the trial date intact. *See id.* Three days later the State filed a notice of its intent to seek the death penalty. *See id.* Appellant the next day filed a motion to dismiss based on prosecutorial vindictiveness, and the trial court granted it. *See id.* at 563. Here, on the other hand, the record shows that Ramirez, not the State, moved for a continuance of the August 28 trial setting, and the State waived its right to seek the death penalty.

Legally, in *Gabaldon*, the appellant proceeded on actual vindictiveness, not a presumption. *See id*. at 564 ("Gabaldon concedes on appeal that he is not aided in this case by a presumption of prosecutorial vindictiveness. As a result, only the second type

11

of vindictiveness—actual—is relevant to this appeal."). Here, Ramirez conceded[7] a claim of actual vindictiveness. As such, *Gabaldon* is distinguishable.[8]

For the above reasons, we conclude that the trial court did not abuse its discretion in denying Ramirez's motion to dismiss. Accordingly, we overrule Ramirez's sole issue.

### IV. CONCLUSION

We affirm the trial court's judgment.

JENNY CRON
Justice

Do not publish
TEX. R. APP. P. 47.2(b)

Delivered and filed on the
14th day of August, 2025.

---

[7] Specifically, we observe that in Ramirez's brief he admits that he conceded "the second prong of *Neal* in the trial court," but he then proceeds to argue actual vindictiveness with reliance on one case, *State v. Gabaldon*, 661 S.W.3d 558 (Tex. App.—El Paso 2023, pet. granted). And while his motion to dismiss arguably included an actual vindictiveness claim, he made clear at the hearing on his motion to dismiss that he was not proceeding on actual vindictiveness. Thus, because Ramirez conceded his claim of actual vindictiveness, we conclude he has failed to preserve it, and for that same reason we do not reach his claim of actual vindictiveness on appeal. *See* TEX. R. APP. P. 33.1(a)(1), 47.1; *see also Caballero*, 2024 WL 484698, at *5; *Erevia v. State*, No. 07-22-00143-CR, 2023 WL 2813754, at *1 (Tex. App.—Amarillo April 6, 2023, pet ref'd) (mem. op., not designated for publication) (concluding appellant failed to preserve his admissibility challenge because he conceded its relevance in the trial court) (citing TEX. R. APP. P. 33.1(a)).

[8] We also recognize *Gabaldon* is currently pending review before the Court of Criminal Appeals. 661 S.W.3d at 558.